KATHERINE CASCIONE, as Assignee of ÆTNA CASUALTY AND SURETY COMPANY, Appellant, *v.* ACME EQUIPMENT CORP., Respondent.

First Department, April 13, 1965.

*George J. Malinsky* for appellant.

*Edgar Hills* of counsel (*Cruser & Hills,* attorneys), for respondent.

*Per Curiam.* A bulldozer-tractor purchased by defendant corporation was mortgaged on October 20, 1958 to Ætna Casualty & Surety Company to secure the sum of $10,000 owed to the latter company. Sometime prior to September, 1961 one Bielecki, a principal of defendant corporation, took possession of the equipment and used it for his own benefit. After protracted correspondence and negotiation an action was brought in April, 1962 to replevy the machine, and Bielecki finally surrendered it to Ætna.

A registered letter to defendant demanding payment of the debt went unanswered and the machine was sold at public auction on September 28, 1962. After this sale, an action was commenced by Ætna to recover the deficiency, plus interest, costs and disbursements. Copies of the summons and complaint were served on the Secretary of State, and one of said copies was mailed by registered mail by the Secretary of State to the address of defendant listed in the certificate of incorporation. Bielecki resided at that address. Two notices were left at the address evidencing unsuccessful attempts to deliver the copy of the summons and complaint and the envelope was then returned marked "Insufficient Address." Ætna also mailed a copy of the summons and complaint to Bielecki, which he himself does not deny receiving, although a denial is attributed to him by hearsay.

After judgment was entered by default, the judgment was assigned to plaintiff on payment of a substantial sum. Thereafter a Sheriff's execution sale of certain real estate owned by defendant was held. An attorney representing Bielecki, and maybe Acme, appeared at the sale to voice their protest.

Service upon a corporation "shall be complete when the secretary of state is so served" (Business Corporation Law, § 306); and defendant's failure to receive the duplicate copy of the summons and complaint mailed to it by the Secretary of State, in and of itself and without excuse, does not furnish a ground for opening the default. (See *Laurendi* v. *Cascade Development Co.*, 5 Misc 2d 688, affd. 4 A D 2d 852; *General Crane Serv.* v. *Whiting-Turner Contr. Co.*, 27 Misc 2d 403.) Of course, nondelivery of the process can furnish adequate cause for opening a default, if the nondelivery occurs through no fault of defendant (*Montulli* v. *Sherlo Realty*, 37 Misc 2d 655, affd. 18 A D 2d 1139; *National Mfg. Corp.* v. *Buffalo Metal Container Corp.*, 204 Misc. 269). It is clear, however, that defendant's failure to receive notice was through its own fault or design, since the envelope was addressed correctly to Bielecki's home, the address given by defendant. Furthermore, it is highly likely that Bielecki received a copy from Ætna and that the default was deliberate (see *Mazzella* v. *American Home Constr. Co.*, 10 A D 2d 826; *Hanke* v. *Brown*, 2 A D 2d 694).

True, "the favor of the court should be extended upon proper terms when the litigant who has a meritorious cause of action or defense has through inadvertence or neglect lost his right to have his day in court" (*Rothschild* v. *Haviland*, 172 App. Div. 562, 563). As indicated, defendant did not suffer the default judgment through excusable inadvertence or neglect.

Neither does it offer a meritorious defense. A rather vague alleged oral agreement of accord and satisfaction, to become effective upon the surrender of the tractor, somewhat at variance with documents in the record and stoutly denied by Ætna's attorney, does not constitute a sufficient showing of merit to warrant the relief sought by defendant.

Accordingly, the order filed June 5, 1964, granting defendant's motion to vacate the default judgment, should be reversed, on the law, the facts and in the exercise of discretion, and the motion denied, with costs and disbursements.

BOTEIN, P. J., RABIN, VALENTE, EAGER and BASTOW, JJ., concur.

Order, entered on June 5, 1964, granting defendant's motion to vacate the default judgment, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with $30 costs and disbursements to appellant and the motion denied.