■ WAKERMAN LEATHER CO., INC., Respondent, v. IRVIN B. FOSTER SPORTS-WEAR CO., INC., Appellant.— *Per Curiam.* Appeal from an order of the Supreme Court which denied defendant's application pursuant to CPLR 317 to set aside a default judgment entered upon nonpersonal service of a summons and notice in an action to recover for merchandise sold and delivered, and to be allowed to defend the action. Defendant is a foreign corporation and service was made upon the Secretary of State pursuant to defendant's statement and designation filed pursuant to section 210 of the General Corporation Law, in which, however, its address within the State was erroneously set forth, with the result that it did not receive the process mailed to it by the Secretary of State. We find, contrary to respondent's contention, that the relief sought is within the scope of CPLR 317, as defendant was not served with the summons "by personal delivery to him or to his agent for service designated under rule 318"; and there appears to us no warrant for equating "Personal service" within the generalizations of CPLR 311 (subd. 1) with "personal delivery" within the frame and specific purpose of CPLR 317, as respondent would have us do. Additionally, the language "agent for service designated under rule 318" would in such case become redundant. Further, from the plain language of CPLR 317 and 318 it is readily apparent that the Secretary of State is not to be considered a rule 318 agent. (See 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 317.04; McLaughlin, Practice Commentary, McKinney's Cons. Laws of N. Y. Book 7B, CPLR 317.) The modification of the prior statute (Civ. Prac. Act, § 217) renders inapposite the authorities upon which respondent relies. (Weinstein-Korn-Miller, *op. cit.*, par. 317.04.) Appellant might also have moved under CPLR 5015 (subd. [a], par. 1). We find insubstantial the other contentions advanced by respondent in support of the order appealed from. Upon the oral argument appellant stated that it was prepared to post security for the payment

of the judgment and would be ready to proceed to trial promptly. These concessions, coupled with Trial Term's careful consideration of an application to set the case down for trial at such time as the case, including all counterclaims, shall be at issue and plaintiff shall file note of issue, should largely mitigate plaintiff's claim of prejudicial delay. Order reversed on the law and the facts and in the exercise of discretion and motion granted upon condition that defendant shall give security, to be approved by Special Term, for payment of the judgment and shall stipulate to be ready for trial, and to join in an application to the Trial Term to have the case set down for prompt trial in the Supreme Court, Fulton County, at such time as the case, including all counterclaims, shall be at issue and plaintiff shall have filed due and proper note of issue; and case remitted to Special Term for further proceedings in accordance herewith, without costs. Settle order. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in a memorandum decision *Per Curiam.*