■ BRAC CONSTRUCTION CORP., Respondent, v DI-COM CORPORATION, Appellant—In an action to recover for work, labor and services, defendant appeals from an order of the Supreme Court, Nassau County, dated November 19, 1975, which denied its motion to vacate a judgment entered against it, upon default, on August 14, 1975. Order reversed, without costs or disbursements, and motion granted. Defendant's time to answer the complaint is extended until 10 days after service upon it of the order to be made hereon, together with notice of entry thereof. This action is brought by plaintiff, a subcontractor, against a foreign defendant, a general contractor, for work, labor and services allegedly performed in connection with two construction projects. The action was commenced by service of a summons and complaint upon the Secretary of State pursuant to section 306 of the Business Corporation Law on July 10, 1975. Due to the fact that defendant had changed the location of its principal place of business, which had been listed with the Secretary of State as the address to which process should be forwarded, and had failed to properly advise the Secretary of State of its new address, it never received the summons and complaint; a default judgment was thereafter entered. Defendant first obtained knowledge of the judgment on or about August 20, 1975 when it received a restraining notice from the plaintiff's attorneys. Defendant immediately moved, on August 21, 1975, pursuant to CPLR 5015, to be relieved of the judgment and for leave to file an answer. A proposed answer containing five affirmative defenses and two counterclaims, and a supporting affidavit from defendant's treasurer, were annexed to the motion papers. In addition, it was alleged in defendant's papers—and nowhere denied by plaintiff—that plaintiff and its attorneys were "well aware" of defendant's new address and had contacted defendant at that address by mail and telephone on numerous occasions. Special Term denied the motion, holding that defendant's failure to receive the summons and complaint was its own fault and was therefore not excusable. In our view, Special Term abused its discretion in denying defendant's motion. While the defendant's motion was formally made pursuant to CPLR 5015 (subd [a], par 1), under the facts herein the motion was also governed by CPLR 317 (see *Wakerman Leather Co. v Foster Sportswear Co.*, 27 AD2d 767). Defendant, it is true, failed to notify the Secretary of State of its change of address. However, it appears from the record that plaintiff was aware of the change and could have served the defendant personally pursuant to CPLR 311. Defendant's application to open the default followed immediately upon its receipt of the restraining notice and was timely (see CPLR 317). Under these facts, it was improper to deny

vacatur of this unintentional default (see *Lang v French & Co.,* 48 AD2d 641; *Wakerman Leather Co. v Foster Sportswear Co., supra).* Finally, in our view, defendant has shown by affidavit a prima facie meritorious defense sufficient to entitle it to a trial on the issues (see CPLR 317; CPLR 5015, subd [a], par 1). Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.