■ FRANK MICARELLI, Appellant, v REGAL APPAREL LTD., Respondent.— Order entered in the Supreme Court, New York County, on December 3, 1975, granting defendant's motion to vacate a default judgment, unanimously affirmed, with $40 costs and disbursements of this appeal to respondent. In this action to recover commissions, plaintiff served a summons with notice upon the Secretary of State, pursuant to CPLR 311 (subd 1) and subdivision (b) of section 306 of the Business Corporation Law. Due to a staff error, the summons was not mailed to the defendant. Contrary to defendant's assertions, Special Term reached the right result for the right reason. Service of process was complete when the Secretary of State was served. *(Cascione v Acme Equip. Corp.,* 23 AD2d 49.) The court, therefore, acquired jurisdiction even though the summons was not forwarded to the defendant. *(National Mfg. Corp. v Buffalo Metal Container Corp.,* 204 Misc 269; 1 Weinstein-Korn-Miller, NY Civ Prac, par 311.09; see, also, *Mullane v Central Hanover Trust Co.,* 339 US 306, 314.) Defendant's right of due process was not violated since it was afforded an opportunity to vacate the default upon the showing of a meritorious defense. (See *Wakerman Leather Co. v Foster Sportswear Co.,* 27 AD2d 767.) We find no abuse of discretion by the court below. The affidavit of merits was adequate. The default was clearly excusable and the defendant is entitled to its day in court. Concur—Stevens, P. J., Markewich, Capozzoli, Lane and Nunez, JJ.