■ COLONIAL SAND & STONE CO., INC., Appellant, v ENRICO & SONS CONTRACTORS, INC., Respondent.—Order, Supreme Court, New York County, entered August 1, 1978 vacating default judgment in favor of plaintiff, docketed December 30, 1977, and dismissing the complaint without prejudice to a new action, is unanimously reversed, on the law and the facts, and in the exercise of discretion, with $50 costs and disbursements of this appeal to appellant, and the motion to vacate said judgment is denied, without prejudice to renewal of such motion on an adequate showing of merit, within 60 days after service of a copy of the order determining this appeal. The affidavit of service of process should have been received in evidence. (*Jacobs v Zurich Ins. Co.*, 53 AD2d 524; *Morrissey v Sostar, S. A.*, 63 AD2d 944; CPLR 306, subd [d].) Service on the Secretary of State, as defendant's agent, was valid. (Business Corporation Law, § 306, subd [b]; CPLR 311, subd 1.) That defendant did not receive actual notice of its service because defendant had removed its office without notifying the Secretary of State does not invalidate the service. While in a proper case we would allow the defendant to open the default and defend the action (CPLR 317), a necessary prerequisite to that is a showing of a meritorious defense. (CPLR 317; *Wakerman Leather Co. v Foster Sportswear Co.*, 27 AD2d 767.) This action is on a written agreement of accord and satisfaction. (Although the summons says that the action is for goods sold and delivered, it is apparent from the amount sued on and the amount of the judgment that all that plaintiff seeks to collect is the amount agreed to by the accord and satisfaction.) Defendant suggests some defenses to the goods sold and delivered claim which gave rise to the accord and satisfaction agreement, but does not suggest any defense to this suit based on the agreement of accord and

satisfaction. Concur—Birns, J. P., Silverman, Evans, Fein and Markewich, JJ.