■    MICHAEL E. VOGEL, Respondent, v ASGROW MANDEVILLE COMPANY, INC., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered November 8, 1978 in Washington County, which denied defendant's motion to vacate a default judgment entered on September 29, 1977 in Washington County. Plaintiff was employed by defendant or its predecessor, Mandeville & King Company, from October 10, 1950 to September 17, 1976. Plaintiff transferred his work situs on June 1, 1969 from Rochester, New York, to Cambridge, New York, with the specific understanding that if he did not elect to transfer he would be entitled to severance pay. In June, 1976, defendant announced that it was going to divest its interest in the Cambridge plant and in July, 1976, defendant informed its employees of a plan to pay severance pay. Plaintiff was offered a job opportunity by the purchaser of defendant, Vaughn-Jacklin Corporation, in Downers Grove, Illinois. Plaintiff found the job opportunity unacceptable since he would lose all prior employment benefits, seniority and other benefits. Plaintiff in this action seeks to recover the severance payment to which he is entitled. Defendant refused to pay on the ground that it offered a job opportunity and, therefore, plaintiff is not entitled to severance pay. On March 7, 1977, plaintiff commenced this action by service of summons and a verified complaint upon the Secretary of State of New York, pursuant to section 306 of the Business Corporation Law. Defendant failed to interpose an answer and on September 29, 1977, a default judgment was granted to plaintiff in the sum of $17,221.52, plus interest. On November 2, 1977, plaintiff's attorney sent a copy of the judgment to defendant requesting payment. On March 23, 1978, defendant made a motion pursuant to CPLR 317 and 5015 (subd [a]) for an order vacating the default judgment and allowing defendant to interpose an answer to plaintiff's complaint. The process served on the Secretary of State on March 7, 1977, was sent by certified mail to defendant at its address filed with the Secretary of State, Post Office Box 725, Orange, Connecticut, which was subsequently returned by the post office with the notation, "Moved, not Forwardable". Defendant contends that its default resulted solely because defendant was never served with the summons and complaint, that its default was not willful, and was excusable, and that it has a meritorious defense. Plaintiff contends that defendant was obligated to keep a current address with the Secretary of State and that it had abandoned the only address on file in 1973, and there was no address available when plaintiff commenced his action. In addition, plaintiff contends that defendant has failed to establish a meritorious defense and has failed to attach an answer to the complaint verified by a corporate officer of the defendant, and that all affidavits in support of the motion are affidavits of attorneys. Although plaintiff had some correspondence prior to the commencement of the action with Upjohn Company, the sole stockholder of defendant, there is nothing in the record to indicate that he knew defendant's current address. Special Term held that defendant offered no reasonable excuse for failure to file a change of address with the

Secretary of State. *(Cascione v Acme Equip. Corp.,* 23 AD2d 49; *Laurendi v Cascade Dev. Co.,* 5 Misc 2d 688, affd 4 AD2d 852.) In addition, no affidavits were submitted by any officer of defendant, which would substantiate that defendant had a meritorious defense *(Meyer v Parr Co. of Suffolk,* 50 AD2d 927; *Houle v Wilde,* 22 AD2d 727). Defendant also failed to promptly move to vacate the default, such motion being made over four months after it received a copy of the default judgment. Order affirmed, with costs. Staley, Jr., Main, Mikoll and Casey, JJ., concur.

Kane, J. P., dissents and votes to reverse in the following memorandum. Kane, J. P. (dissenting). In my opinion it was an abuse of discretion for Special Term to refuse to vacate plaintiff's default judgment. The record demonstrates that plaintiff's attorney was fully aware of defendant's status as a wholly owned subsidiary of the Upjohn Company. When efforts to settle his client's dispute through correspondence with the parent proved unsuccessful, the instant litigation was commenced by service of process on the Secretary of State. While a defendant should not ordinarily benefit from its unilateral failure to provide the Secretary of State with a current address, plaintiff has not shown that he was unable to effect personal service on this defendant or, more importantly, that he was ignorant of defendant's actual location. Under these circumstances, it seems plain to me that defendant has presented an acceptable excuse for its default (see *Brac Constr. Corp. v Di-Com Corp.,* 51 AD2d 740). Moreover, defendant requested that plaintiff consent to a vacatur of the default judgment within a month after it was received at the Upjohn headquarters, and has offered to post security for the full amount thereof in the event its defense should not prevail. Finally, the affidavits of its attorneys disclose the existence of a meritorious defense, and it would be pointless to insist that such evidentiary matters be furnished by a corporate officer, particularly when pleadings may be verified by the attorney of a foreign corporation (CPLR 3020, subd [d], par 3; see CPLR 3215, subd [e]). Accordingly, I would reverse the order appealed from and grant defendant's motion on the condition it has suggested.