■ NATIONAL BANK OF NORTHERN NEW YORK, Respondent, v SAVINO GRASSO, Appellant.—Order unanimously reversed, with costs, and matter remitted to Supreme Court, Jefferson County, for further proceedings, in accordance with the following memorandum: Defendant, the sole owner of Aquila's Pizza, Inc., a domestic corporation, opened a corporate checking account with plaintiff bank. In this action plaintiff seeks restitution for damages arising from its payment of a check issued by Aquila's Pizza, Inc. Following service of a summons and complaint by affixing a copy to the door of defendant's home and mailing (CPLR 308, subd 4) defendant did not appear and a default judgment was entered on November 14, 1977. While Special Term may have correctly ruled that defendant failed to make a requisite showing on its motion to set aside and vacate the default judgment pursuant to CPLR 5015, it erroneously failed to allow a defense to the action pursuant to CPLR 317. Defendant denied receipt of the summons and compaint or any knowledge of the action until after the issuance of a property execution subsequent to the entry of the default judgment. He made timely application under CPLR 317 and submitted facts showing a meritorious defense. Opening a default judgment is authorized under CPLR 317 "upon a finding of the court that [defendant] did not personally receive notice of the summons in time to defend and has a meritorious defense" *(Marine Midland Bank v Tooker,* 78 AD2d 755). Personal delivery means "in-hand delivery" and a default judgment based upon any other form of service of the summons is subject to the ameliorative provisions of CPLR 317 (1 Weinstein-Korn-Miller, NY Civ Prac, pars 317.01, 317.02). Although requested, Special Term erroneously failed to treat defendant's application as a CPLR 317 motion and to direct a trial of the issue of fact as to whether defendant personally received notice of the summons in time to defend (CPLR 2218). The case is remitted for that purpose. (Appeal from order of Jefferson Supreme Court—vacate default judgment.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.