HENRIETTA CECELIA, Individually and as Administratrix of the Estate of JOHN J. CECELIA, Deceased, Respondent, v COLONIAL SAND & STONE COMPANY, INC., et al., Appellants. (And Another Related Action.)

Third Department, February 18, 1982

#### APPEARANCES OF COUNSEL

*Paul, Weiss, Rifkind, Wharton & Garrison* (*Jonathan Sinnreich, Robert L. Laufer* and *Howard A. Gootkin* of counsel), for Colonial Sand & Stone Company, Inc., and another, appellants.

*Richter & Werbalowsky* (*Lawrence R. Shelton* of counsel), for respondent.

#### OPINION OF THE COURT

SWEENEY, J.

The underlying action is one for wrongful death. The summons and complaint were served on June 12, 1980 on the Secretary of State, who attempted to serve defendants Colonial Sand & Stone Company, Inc. (hereinafter Colonial), and Strelene Realty Corp. (hereinafter Strelene) by mailing copies by certified mail. The copies were returned, undelivered, the reason being posted as "Moved, not Forwardable". Defendants Colonial and Strelene failed to

timely answer, but upon receiving actual notice of the action on November 12, 1980, when a notice of cross motion was served upon them, they immediately contacted plaintiff's attorney. These defendants thereafter served an answer on December 18, 1980, which answer was rejected by plaintiff as untimely.

Plaintiff subsequently moved for a default judgment and Colonial and Strelene moved to compel plaintiff to accept the answer. The motions were consolidated. Special Term granted plaintiff's motion for a default judgment and denied defendants' motion on the ground that defendants had offered no reasonable excuse for the default. Although Special Term found that defendants Colonial and Strelene had demonstrated a meritorious defense and that they had acted promptly once actual notice was received, the court felt constrained by this court's decision in *Vogel v Asgrow Mandeville Co.* (74 AD2d 940, app dsmd 50 NY2d 894) to also require defendants to show a reasonable excuse for their failure to file a change of address with the Secretary of State. Defendants then moved to renew their prior motion, alleging as an excuse for the default that they had engaged the U.S. Corporation Company to ensure that all correspondence, accounts, records and filings reflected the change of address. It was also stated that they received correspondence including service of a summons from the Secretary of State at the new address and, therefore, there was no reason to doubt that the change of address had been filed. This motion was also denied and defendants Colonial and Strelene now appeal from both orders.     .

We are of the opinion that the initial order granting plaintiff's motion for a default judgment must be reversed. Pursuant to CPLR 317, a person served with a summons other than by personal delivery to him or to his agent for service designated under CPLR 318 can be relieved of a default upon a finding of the court that he did not personally receive notice of the summons in time to defend and that he has a meritorious defense. The Secretary of State is not an agent under CPLR 318 and, thus, the relief sought by defendants Colonial and Strelene was within the scope of CPLR 317 (*Wakerman Leather Co. v Foster Sportswear Co.,* 27 AD2d 767). There is no dispute in the present case

that defendants Colonial and Strelene failed to personally receive notice of the summons in time to defend and Special Term properly found that they had demonstrated a meritorious defense. Consequently, defendants should have been allowed to open the default pursuant to CPLR 317.

Special Term's reliance on *Vogel v Asgrow Mandeville Co.* (74 AD2d 940, *supra*) was misplaced. In that case, the defendant had moved to vacate the default pursuant not only to CPLR 317 but also CPLR 5015 (subd [a]). In order to succeed under the latter provision, the moving party must show a valid excuse for the default and the absence of willfulness in addition to a meritorious defense (*Marine Midland Bank v Tooker,* 78 AD2d 755). In *Vogel,* defendant's lack of a reasonable excuse for failure to file a change of address with the Secretary of State precluded relief pursuant to CPLR 5015 (subd [a]) but not pursuant to CPLR 317. It was not defendant's lack of a reasonable excuse in *Vogel* which prevented opening of the default pursuant to CPLR 317 but the failure to substantiate that defendant had a meritorious defense. The absence of a meritorious defense bars relief under CPLR 5015 (subd [a]) and CPLR 317. Accordingly, Special Term improperly denied defendants' motion to compel acceptance of the answer on the ground that a reasonable excuse was not offered for the failure to file a change of address with the Secretary of State.

In view of our conclusion that the order granting plaintiff's motion for a default judgment must be reversed, the appeal from the denial of defendants' motion to renew becomes academic and should thus be dismissed. We would note, however, that in our opinion, the motion to renew should have been granted and upon renewal defendants Colonial and Strelene clearly demonstrated that they had a reasonable excuse for the default.

The appeal from the order entered June 22, 1981 should be dismissed as academic.

The order entered April 9, 1981 should be reversed, on the law and the facts, with costs, and plaintiff's motion denied and motion of defendants Colonial and Strelene to compel acceptance of the answer granted.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and LEVINE, JJ., concur.

Appeal from the order entered June 22, 1981 dismissed as academic.

Order entered April 9, 1981 reversed, on the law and the facts, with costs, plaintiff's motion denied and motion of defendants Colonial and Strelene to compel acceptance of the answer granted.