■ WALTER H. MEYER, Respondent, v CHAS. FISHER & SONS DENTAL LABORATORY, INC., Appellant. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered July 9, 1981 in Ulster County, which denied defendant's motion to vacate a default judgment. Plaintiff commenced this action against defendant by service of a summons and complaint on the Secretary of State, pursuant to section 306 of the Business Corporation Law. The Secretary of State mailed the summons and complaint to defendant at the address on file, but they were never received by defendant. When defendant failed to answer, plaintiff obtained a default judgment. Following receipt of the judgment, defendant moved to vacate the default pursuant to CPLR 317 or 5015 (subd [a]). Special Term denied the motion and this appeal ensued. Special Term's order must be reversed. Pursuant to CPLR 317, a person served with a summons other than by personal delivery to him or to his agent for service designated under CPLR 318 (which the Secretary of State is not) can be relieved of a default upon a finding of the court that he did not personally receive notice of the summons in time to defend and that he has a meritorious defense (*Cecelia v Colonial Sand & Stone Co.,* 85 AD2d 56). It is undisputed that defendant did not personally receive notice of the summons in time to defend, and the affidavit of defendant's president establishes the existence of a meritorious defense. Plaintiff's contention that defendant failed to demonstrate a reasonable excuse for not filing a change of address with the Secretary of State is irrelevant, for while defendant's failure to demonstrate such an excuse will preclude relief pursuant to CPLR 5015 (subd [a]), it will not preclude relief pursuant to CPLR 317 (*Cecelia v Colonial Sand & Stone Co., supra,* p 58). *Vogel v Asgrow Mandeville Co.* (74 AD2d 940, app dsmd 50 NY2d 894) is distinguishable, since the defendant therein failed to demonstrate a meritorious defense (*Cecelia v Colonial Sand & Stone Co., supra*). Order reversed, on the law and the facts, without costs, defendant's motion granted, and judgment entered January 20, 1981, vacated. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.