■ CRISTO BROS., INC., Respondent, v M. CRISTO, INC., Appellant. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered November 5, 1981 in Rensselaer County, which denied defendant's motion to vacate a default judgment. Following service of a summons and complaint upon the Secretary of State pursuant to section 306 of the Business Corporation Law, plaintiff entered a default judgment against defendant. Defendant moved to vacate the default judgment pursuant to CPLR 5015 (subd [a]) alleging (1) that its default was excusable in that defendant did not receive the papers served upon the Secretary of State since the address filed with that office was not current for forwarding purposes, and (2) that it had a meritorious defense. Special Term denied the motion and this appeal ensued. Corporations are obligated to keep a current address on file with the Secretary of State and the failure to receive copies of process served upon the Secretary of State due to a breach of this obligation will not constitute a "reasonable excuse" for a corporation seeking to vacate a default under CPLR 5015 (subd [a]) (*Vogel v Asgrow Mandeville Co.*, 74 AD2d 940, affd 55 NY2d 675; cf. *Cecelia v Colonial Sand & Stone Co.*, 85 AD2d 56). Special Term properly denied defendant's motion. Order affirmed, with costs. Mahoney, P. J., Main and Yesawich, Jr., JJ., concur. Kane and Mikoll, JJ., dissent and vote to reverse in the following memorandum by Kane, J.

Kane, J. (dissenting). We respectfully dissent. In the present case, defendant has moved to be relieved of its default which was caused by the undisputed fact that it did not receive the summons and complaint served pursuant to section 306 of the Business Corporation Law upon the Secretary of State. Under CPLR 317, a person served with a summons other than by personal delivery to him or his agent for service designated under CPLR 318 may be relieved of a default upon the finding of the court that he did not personally receive notice of the summons in time to defend and that he has a meritorious defense. Since the Secretary of State is not an agent under CPLR 318, the relief sought by defendant was within the scope of CPLR 317 (*Cecelia v Colonial Sand & Stone Co.*, 85 AD2d 56). In this regard, it is uncontroverted that defendant failed to personally receive notice of the summons and complaint in time to defend, and a review of the record clearly reveals that defendant has a meritorious defense. Accordingly, defendant should be allowed to open the default pursuant to CPLR 317. We are unable to agree with the majority's implicit holding that since defendant moved to vacate its default under CPLR 5015, we are precluded from consideration of a motion for the *same relief* pursuant to CPLR 317. Surely, plaintiff would not be prejudiced as defendant's motion seeks, together with such other relief as the court may deem just and proper, to vacate its default, relief afforded under both sections. Accordingly, defendant's failure to cite CPLR 317 in its motion papers should be disregarded (CPLR 2001; *Fletcher v Greiner*, 73 AD2d 591; 2A Weinstein-Korn-Miller, NY Civ Prac, par 2001.03). Having reached the above conclusion, *Vogel v Asgrow Mandeville Co.* (74 AD2d 940, affd 55 NY2d 675) is not controlling (*Cecelia v Colonial Sand & Stone Co., supra*, p 58). The order should be reversed and defendant's motion granted.