OPINION OF THE COURT
Stanley L. Sklar, J.
The principal issues presented on this motion to vacate a default judgment are: (1) whether a corporate defendant which was served by service upon the Secretary of State is required to demonstrate that its default in answering was excusable; and (2) whether the defendant’s failure to submit á proposed answer, by that very fact, bars the court from vacating the default. I answer both questions in the negative and vacate the default.
*866 THE FACTS
A default judgment was entered by plaintiff, Olivetti Leasing Corporation, against defendant, Mar-Mac Precision Corporation, on July 29, 1982 in the sum of $36,559.57. The complaint is grounded on a claimed breach of a contract regarding the lease of certain computer equipment by Olivetti to Mar-Mac.
The action was instituted by service upon the Secretary of State. Mar-Mac was formed more than 10 years ago. Its certificate of incorporation gave the name and address of the law firm that handled the incorporation as the address to which the Secretary of State shall mail a copy of any process against Mar-Mac served upon him. (Business Corporation Law, § 402, subd [a], par [7].)
Mar-Mac’s counsel in this action states that he has represented the defendant corporation since its inception and that counsel who handled the incorporation only filed the certificate of incorporation.
For some unspecified reason, or for no reason, the address to which the Secretary of State should forward process has never been changed. However, the firm that processed the incorporation has long since dissolved. As a result, Mar-Mac alleges that it never received notice of the service of process and first learned of this action after the default judgment was entered.
plaintiff’s contentions
Olivetti does not dispute these facts. Rather, it asserts, in conclusory fashion, that Mar-Mac has not met its burden of demonstrating a meritorious defense and excusable neglect. Olivetti also asserts that Mar-Mac’s failure to submit a proposed answer bars this court from vacating the default judgment.
MERITORIOUS DEFENSE
Two applicable sections of the CPLR authorize the vacating of a default judgment, CPLR 5015 and 317. Both sections require that the defendant seeking to vacate a default judgment demonstrate a meritorious defense. Contrary to Olivetti’s assertion, Mar-Mac has met this burden. Mar-Mac’s papers clearly demonstrate that it has been *867 embroiled in an ongoing controversy with Olivetti since it received the leased equipment.
In essence, Mar-Mac claims that the leased equipment failed to perform as promised and that Olivetti has been unable to make it perform, despite many complaints by Mar-Mac.
Olivetti does not now dispute that the software it leased to Mar-Mac failed to perform. However, it argues that since the subject matter of the action involves only the lease of the computer’s hardware, Mar-Mac has failed to demonstrate a meritorious defense. Mar-Mac responds with the persuasive argument that it leased the hardware and software as a package and that the failure of one part of the package constitutes a failure of the entire package.
It appears that Mar-Mac has set forth a meritorious defense, thus meeting its burden under either of the two applicable CPLR sections.
EXCUSABLE DEFAULT
Olivetti also urges that Mar-Mac must show that its default was excusable. Olivetti argues, in effect, that Mar-Mac must show that its failure to change the address to which the Secretary of State should forward a copy of process is due to excusable neglect. This argument is also without merit.
While it is fundamental that one moving to vacate a default under CPLR 5015 must demonstrate excusable default as well as a meritorious defense, one moving under CPLR 317 has a lesser burden and need make a timely application on only a showing of merit. (See Cecelia v Colonial Sand & Stone Co., 85 AD2d 56; National Bank of Northern N. Y. v Grasso, 79 AD2d 871; Brac Constr. Corp. v Di-Com Corp., 51 AD2d 740.)
CPLR 317 applies to persons served with other than personal in-hand delivery of the summons. (National Bank of Northern N. Y. v Grasso, supra.) This section places a lighter burden on the defaulting defendant, evidently to encourage personal delivery whenever possible. Where, as is true in the instant case, service is effected upon the Secretary of State, CPLR 317 is available to the movant simply upon a showing of a meritorious defense. (Cecelia v *868 Colonial Sand & Stone Co., supra; Brac Constr. Corp. v Di-Com Corp., supra.)
THE PROPOSED ANSWER
Finally, Olivetti argues that Mar-Mac’s failure to submit a proposed answer requires denial of the motion, relying on Hilldun Corp. v Scarboro Textiles (73 AD2d 535).
That case is inapposite. As stated above, the movant on an application to vacate a default must demonstrate that there is a meritorious controversy. The submission of a proposed answer has traditionally aided the courts in deciding whether a showing of merits has been made. (See 418 Trading Corp. v Pelliccio, 13 AD2d 804; Powers v Trenor, 3 Hun 3; Mist Props. v Fitzsimmons Realty Co., 228 NYS2d 406.)
Because Mar-Mac’s affidavits clearly indicate a meritorious defense, this case is distinguishable from Hilldun, where the papers were devoid of a factual showing of merit.
The argument, based on Hilldun, and on other cases, that an answer must always be submitted by a defendant on a motion to vacate a default judgment, is erroneous! The rule requiring the service of a proposed answer originated in the practice in chancery of requiring either a proposed sworn answer or a simple affidavit of merits, so that the court could determine that the defendant has a meritorious defense. (Powers v Trenor, supra.) Repetition in the cases, over many years, of the requirement of submission of a proposed answer should not, however, change the original rule or obscure its purpose. Especially in view of the modern trend towards avoiding formalisms in order to achieve the objective of doing justice on the merits (see, e.g., Dioguardi v Durning, 139 F2d 774), imposing the inflexible requirement of the submission of a proposed answer would be escalating an aid to the court into an unjust formalism.
In a particular case a defendant might wish to vacate a default judgment and, rather than wanting to answer, desire to move to dismiss on a ground set forth in CPLR 3211, such as a defense founded on documentary evidence. Irrespective of the course of action selected by the defen *869 dant, the key question remains the same: has the defendant made a showing of a meritorious defense? In this case, the defendant has made that showing.
Since Mar-Mac promptly moved to vacate its default and since it has demonstrated a meritorious defense, the default judgment is vacated on condition that the judgment shall stand as security pending the outcome of the action.