OPINION OF THE COURT
Vincent R. Balletta, Jr., J.
This is a motion by the defendant for an order vacating its default' and setting aside the judgment obtained thereon.
On this motion, the defendant seeks to vacate its default, alleging that it did not receive notice of the institution of the lawsuit. It is undisputed that service was made pursuant to section 306 of the Business Corporation Law by service upon the Secretary of State, who thereafter forwarded it to the agent designated by the defendant for service of process. This agent was designated in 1940 and has since gone out of business. Therefore, the defendant did not receive knowledge of this lawsuit until after the judgment was entered. It is also undisputed that at the time this action was commenced and at the time the default was taken, the plaintiff and defendant, a foreign corporation, were codefendants in a New Jersey lawsuit, and that the attorneys for both corporations communicated with each *185 other on a regular basis. The attorney for the defendant indicates that had the attorney for the plaintiff apprised him that he wished to institute a lawsuit, he would have voluntarily accepted service on behalf of the corporation.
Once a summons and complaint are delivered to the Secretary of State pursuant to section 306 of the Business Corporation Law, service is complete, regardless of whether the defendant actually receives notice of the lawsuit. (Micarelli v Regal Apparel, 52 AD2d 524.) Furthermore, where the reason for the failure to receive the pleadings is attributable to the defendant, his request for relief under CPLR 5015 will be denied. (Cascione v Acme Equip. Corp., 23 AD2d 49.)
In the instant case, however, since this application has been made within one year after the defendant received notice of the judgment, CPLR 317 is controlling, which states: “A person served with a summons other than by personal delivery to him or to his agent for service designated under rule 318, within or without the state, who does not appear may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment, but in no event more than five years after such entry, upon a finding of the court that he did not personally receive notice of the summons in time to defend and has a meritorious defense. If the defense is successful, the court may direct and enforce restitution in the same manner and subject to the same conditions as where a judgment is reversed or modified on appeal. This section does not apply to an action for divorce, annulment or partition.”
For purposes of CPLR 317, the Secretary of State is not an agent of a foreign corporation (Wakerman Leather Co. v Foster Sportswear Co., 27 AD2d 767), nor is service upon the Secretary of State pursuant to section 306 of the Business Corporation Law personal service so as to remove the case from being considered under CPLR 317.
The means whereby an agent is designated for service is specifically set forth in CPLR 318, which states: “A person may be designated by a natural person, corporation or partnership as an agent for service in a writing with the consent of the agent endorsed thereon. The writing shall be filed in the office of the clerk of the county in which the *186 principal to be served resides or has its principal office. The designation shall remain in effect for three years from such filing unless it has been revoked by the filing of a revocation, or by the death, judicial declaration of incompetency or legal termination of the agent or principal.”
It is clear that the facts and circumstances set forth in this application to vacate a default fall squarely within the provisions of CPLR 317, and further, the contemplated personal service was not accomplished nor was there a designation of an agent for service pursuant to CPLR 318.
Although CPLR 5015 requires that an excuse be shown for a default, section 317 contains no such express requirement, and all the defendant must show is that he did not receive notice in time to defend and that he has a meritorious defense. Apparently, a lighter burden is imposed upon a defendant under CPLR 317. (National Bank of Northern N. Y. v Grasso, 79 AD2d 871; McLaughlin, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C317:l, 1982-1983 Pocket Part.)
Moreover, the fact that the motion has been made pursuant to CPLR 5015 (subd [a]) will not preclude this court from making inquiry under CPLR 317. (Brac Constr. Corp. v Di-Com Corp., 51 AD2d 740.) Brae concerned an application very similar to the one before this court. The Appellate Division reversed Special Term and permitted the defendant to serve its answer. Specifically, on the issue of the defendant’s own fault, the court held (p 740): “Defendant, it is true, failed to notify the Secretary of State of its change of address. However, it appears from the record that plaintiff was aware of the change and could have served the defendant personally pursuant to CPLR 311.” In Brae, the court noted that it was not denied by the plaintiff that the plaintiff and its attorney were well aware of the defendant’s new address, and it was not denied that the plaintiff and its attorney contacted the defendant by mail and telephone on numerous occasions.
In the instant case, as indicated above, while the plaintiff, in opposition to the motion, argues that service is complete and that there should be no vacating of the default because it is attributable to the defendant, conspic *187 uously absent is any denial as to the regular communication between counsel for the parties.
Under the circumstances, the application to open the default is granted pursuant to CPLR 317, and the defendant shall have 20 days from the date hereof to serve its answer upon the attorneys for the plaintiff.
Pending the final disposition of this action, the judgment shall stand as security, but plaintiff may not have execution thereon.
The granting of this motion is specifically conditioned upon the defendant waiving any defense of lack of jurisdiction over the person of the defendant corporation.