■ GARY EPSTEIN, Respondent, v ABALENE PEST CONTROL SERVICE, INC., Appellant. — Appeal from an order of the Supreme Court at Special Term (Viscardi, J.), entered March 14, 1983 in Franklin County, which denied defendant's motion to vacate a default judgment. Plaintiff commenced this action by service of a summons and complaint upon the Secretary of State pursuant to section 306 of the Business Corporation Law on September 16, 1982. This process was returned to the Secretary of State as undeliverable due to a change in defendant's corporate address. Plaintiff obtained a default judgment upon defendant's failure to answer. Upon receipt of an execution on December 21, 1982, defendant moved by notice of motion, dated December 27, 1982, to vacate the judgment. Upon direction from the court (CPLR 2214, subd [c]), defendant supplemented his moving papers with a letter dated March 1, 1983 clarifying that the motion to vacate was made pursuant to both CPLR 317 and 5015. Special Term, relying on this court's decision in *Cristo Bros. v M. Cristo, Inc.* (91 AD2d 807, app dsmd 59 NY2d 760), denied the motion and directed an inquest as to damages. This appeal ensued. There must be a reversal. Special Term's reliance on *Cristo Bros. v M. Cristo, Inc.* (*supra*) was misplaced in that there the defendant moved to vacate the default judgment solely pursuant to CPLR 5015 (subd [a]). This court concluded that the failure to maintain a current address on file with the Secretary of State does not "constitute a 'reasonable excuse' for a corporation seeking to vacate a default under CPLR 5015 (subd [a])" (*id.*). The instant case, however, is factually distinguishable. Although defendant did not cite any specific statutory provision in its moving papers, in the March 1, 1983 letter defense counsel explicitly confirmed that the motion to vacate was predicated on both CPLR 317 and 5015. The failure to maintain a current address on file with the Secretary of State did not preclude relief pursuant to CPLR 317 (*Meyer v Fisher & Sons Dental Lab.*, 90 AD2d 889; *Cecelia v Colonial Sand & Stone Co.*, 85 AD2d 56). ·Inasmuch as it is uncontroverted that defendant failed to personally receive notice of the summons and complaint in time to defend, and the affidavits of defendant's general manager and technical director establish the existence of a meritorious defense, defendant should be allowed to open the default pursuant to CPLR 317. Particularly is this so since defendant clearly acted promptly once actual notice was received. Order reversed, on the law and the facts,

without costs, defendant's motion granted and judgment entered December 3, 1982 vacated. Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.

Kane, J. P., concurs in a separate memorandum. Kane, J. P. (concurring). Although I agree with the majority's decision in this case, I feel compelled to make an additional comment. In *Cristo Bros. v M. Cristo, Inc.* (91 AD2d 807, app dsmd 59 NY2d 760), this court concluded that since defendant therein moved to vacate its default pursuant to CPLR 5015 (subd [a]), we were precluded from consideration of a motion for the *same relief* under CPLR 317. In the present case, since defendant cited no statutory authority in its moving papers, we consider the instant motion as if made pursuant to CPLR 5015 and 317. Such conclusion, when read together with *Cristo Bros.* (*supra*), vividly illustrates the problems encountered when form is placed above substance (see Siegel, NY Prac, § 6, pp 6-7).