■ JOSEPH SEIJAS, Respondent, v RAWHIDE RANCH, INC., Appellant. — Order of the Supreme Court, New York County (Mercorella, J.), entered July 12, 1983, which denied the motion of the defendant-appellant to vacate the default judgment entered on behalf of the plaintiff-respondent in March of 1983, is unanimously reversed, on the law and on the facts and in the exercise of discretion, without costs, the motion is granted and the judgment is vacated with leave to the defendant to serve an answer to the complaint within 20 days from the date of publication of this determination. Plaintiff Joseph Seijas (Seijas) enrolled his daughter in a summer camp maintained by the defendant Rawhide Ranch, Inc. (Rawhide), in Ulster County, New York, in June, 1982. As required by the contract of enrollment, he remitted the full $1,900 tuition for the eight-week period. It appears that within three days of her arrival, Seijas' daughter was expelled from the camp along with a bunkmate as a result of having been caught smoking in violation of camp policy and the contract of enrollment. In reliance upon a contract provision relating thereto, Rawhide refused to refund any of the money paid by Seijas. Shortly thereafter and in July of 1982, Seijas, along with the parent of his daughter's bunkmate purported to commence an action in Civil Court, Bronx County, to recover the unearned portion of the tuition payment. Seijas, who is an attorney, was represented in that action by his law firm. Defendant successfully challenged the jurisdiction of the Civil Court, contending that since none of the transactions giving rise to the lawsuit occurred in the City of New York, and the defendant was not a resident of and did not conduct any business in the city, the Civil Court lacked subject matter jurisdiction. Following the dismissal of the Civil Court action in early October, 1982, Seijas commenced a new action in Supreme Court, Bronx County, by serving the Secretary of State on October 25, 1982. Notably, he made no inquiry of the attorneys who had represented Rawhide in the Civil Court action as to whether they would accept service for their client. Defendant's agent, designated as required by CPLR 318, had failed to notify the Secretary of State of a change of address that had occurred in 1973. Thus the papers apparently were forwarded by the Secretary of State to an old address and were not reforwarded to the agent at the new address by the post office because the change of address form previously filed with the post office had expired by reason of the lapse of time. Seijas proceeded to inquest in December of 1982 and recovered a judgment of $14,333.36[*] which was filed on

---

[*] The Supreme Court action sought compensatory damages for breach of contract in addition to return of the tuition.

March 30, 1983. Execution of the judgment was made on Rawhide's bank account at its bank in Woodstock, New York, in June of 1983. Rawhide promptly moved to vacate the default and to stay enforcement of the execution. In opposition to the application to vacate the default, Seijas averred that he "did not know of any other address at which the defendant could be served personally" and therefore attempted to effect service on the Secretary of State as agent for the corporate defendant pursuant to section 306 of the Business Corporation Law. In support of the motion to vacate its default, defendant annexed copies of the papers and memorandum of law previously submitted on the motion to dismiss the Civil Court action for lack of subject matter jurisdiction. They set forth the circumstances leading to plaintiff's daughter's expulsion from the camp and indicated the existence of an apparently meritorious defense to the plaintiff's claim. Significantly, in his opposition to the motion to vacate the default, Seijas does not dispute defendant's version of the facts surrounding his daughter's expulsion from the camp. In noting that the default occurred as a result of the defendant's agent's failure to notify the Secretary of State of the change of address, Special Term observed that a corporation should not be permitted to avoid a default judgment which was occasioned by its failure. However, pursuant to CPLR 317, a person who is served with a summons by other than personal delivery to him or to his agent for service, designated as such under CPLR 318, is permitted to defend the action within one year after he obtains knowledge of the entry of judgment, provided the court finds that he did not personally receive notice of the summons in time to defend and has a meritorious defense. The Appellate Division, Third Department, has held, in *Wakerman Leather Co. v Foster Sportswear Co.* (27 AD2d 767) that "from the plain language of CPLR 317 and 318 it is readily apparent that the Secretary of State is not to be considered a rule 318 agent [citations omitted]" and accordingly, that a delivery to the Secretary of State did not constitute " 'personal delivery' " to defendant or his " 'agent for service designated under rule 318' ". In light of the previous Civil Court proceedings, we find Seijas' assertion that he did not know of any other address at which the defendant could be served personally unpersuasive. This is particularly so in view of the lack of any attempt to secure either an appearance on behalf of defendant from its prior attorneys or at least to obtain information from them as to where personal service could be affected. We have previously held it to be "an abuse of discretion and an unduly harsh penalty * * * to deny vacatur of [an] unintentional default" (*Lang v French & Co.,* 48 AD2d 641) such as that which has occurred here. Accordingly, we reverse the order below. Concur — Kupferman, J. P., Asch, Bloom and Alexander, JJ.