■ UNION INDEMNITY INSURANCE COMPANY OF NEW YORK, as Subrogee of HARBOR MACHINERY INC. et al., Respondents, v 10-01 50TH AVENUE REALTY CORP., Appellant. — Order of the Supreme Court, New York County (Arnold Fraiman, J.), entered September 16, 1983, which denied defendant's motion to renew and reargue its prior motion to vacate a default entered against it, reversed, on the law, the facts and in the exercise of discretion, motion to renew granted and default vacated, on condition that defendant pay to plaintiff the sum of $250 costs within 20 days after entry of the order herein, without costs of the appeal. In the event that defendant shall fail to comply with said condition, the order appealed from is affirmed, with costs. ¶ Appeal from the order of the Supreme Court, New York County (Arnold Fraiman, J.), entered April 14, 1983, which denied defendant's motion to vacate the order, entered January 18, 1983, permitting plaintiff to enter a default judgment against the defendant and granting plaintiffs' cross motion for an order setting the action down for an assessment of damages, dismissed without costs, as superseded. ¶ Action was commenced by service upon the Secretary of State, whose office mailed the summons and complaint to the address specified for that purpose by defendant. The papers were returned to the Secretary of State by the post office, marked "Attempted Not Known". The defendant did not receive notice of the action until subsequent to default. When plaintiff moved for an order directing the clerk to enter default judgment, he mailed a copy of the motion papers to the corporate address. They were delivered to the owner of the restaurant located on the street level of the premises. He mailed them to the principals of the corporation who were then residing in Greece for a substantial portion of each year. They or their attorney had neglected to file a change of address for service of process with the Secretary of State. They forwarded the papers to their attorney in New York, who immediately telephoned plaintiff's attorney to advise him that the corporation had no knowledge of the institution of the action until the receipt of the motion papers and to request that no further steps be taken until the papers were forwarded to defendant's insurance carrier, so that an answer could be served. He was advised that the motion had already been granted on default. ¶ Defendant moved to vacate the default judgment entered against it and plaintiff cross-moved for an order setting the matter down for inquest. Defendant averred that neither it nor its attorney had timely received the summons and complaint, but that it had acted with the utmost speed once it had been made aware of the action. To the objection that there was no accompanying affidavit of merits by one with knowledge of the facts, but only affidavits submitted by attorneys, defendant stated that counsel was required to move in timely fashion and "An affidavit was submitted by the personal attorney for the defendant corporation due to the fact that the Lekkases are in Greece and defendant could not risk the postal delay that would attend an attempt to obtain a properly executed affidavit from them". ¶ Defendant's motion was denied and the cross motion granted by Special Term on the grounds that service of process had been made upon the Secretary of State and no affidavit of merits had been submitted by a person having knowledge of the facts. ¶ Thereafter, defendant moved to renew and reargue the denial of its motion to vacate the default. This time it submitted affidavits of merit from two persons having knowledge of the facts, establishing the existence of a meritorious defense. Special Term denied the motion, stating that the material newly submitted could have been submitted in support of the original motion, and, "[d]efendant's failure to have done so

precludes its consideration at this time". We are of the opinion that Special Term erred. ¶ The service upon the Secretary of State as agent for defendant constituted valid service (Business Corporation Law, § 306, subd [b]; CPLR 311, subd 1; *Colonial Sand & Stone Co. v Enrico & Sons Contrs.*, 66 AD2d 705), and defendant's failure to receive the summons and complaint is attributable to its failure, and that of its attorney, to notify the Secretary of State of the change of address for the purposes of the service of process. However, defendant promptly moved to vacate the default and no prejudice resulted to plaintiff. The failure to initially submit an affidavit of merits from one with personal knowledge was due to the delay which would have been caused by sending the papers to Greece. That failure was remedied on renewal. ¶ Under these circumstances, this is a proper case in which to invoke CPLR 317, which permits one who did not personally receive notice of the summons in time to defend and has a meritorious defense to be relieved of a default (*Meyer v Fisher & Sons Dental Lab.*, 90 AD2d 889; *Colonial Sand & Stone Co. v Enrico & Sons Contrs., supra*). However, because of the delay and additional legal work resulting from the circumstances, we think it appropriate to impose costs of $250. Concur — Kupferman, J. P., Ross, Bloom, Milonas and Alexander, JJ.