■ SIMON & SCHUSTER, INC., Respondent, v HOWE PLASTICS & CHEMICALS CO., INC., Appellant. — Order of Supreme Court, New York County (Alvin Klein, J.), entered September 22, 1983,

denying defendant's motion for renewal and reargument of an earlier motion seeking to vacate a default judgment, unanimously affirmed, with costs. The appeal from the earlier order of the same court, entered July 8, 1983, is dismissed, without costs, that order having been superseded by the September 22 order.

Plaintiff, the publisher of the 1980 book entitled "Wind Power for Your Home", delivered a first installment of 100,000 copies to the defendant mail-order distributor, at a cost of $108,000, with the balance of 101,840 copies to be shipped the following month. In dispute here is payment for the balance shipment at a cost of $109,987.20, which defendant now contends was untimely delivered, some two and one-half months after originally promised. Plaintiff maintains this second shipment was timely, inasmuch as it followed within a month of defendant's late payment for the first shipment. Moreover, defendant did not object to the alleged untimeliness of the second shipment at the time of delivery.

Service of the summons was made on the Secretary of State, after access could not be obtained at defendant's corporate address. The Secretary of State forwarded the summons to the agent designated by defendant for such service. Defendant states that the agent was by then deceased and defendant, having failed to notify the Secretary of State of a newly designated agent, never received notice of the pendency of this lawsuit. Plaintiff obtained a default judgment in the amount of $128,722.84.

Defendant's motion to vacate the default was denied. Special Term ruled that in order to vacate its default, defendant must establish a reasonable excuse for its failure to answer and a meritorious defense. However, the law is clear that where alternative service is sought to be effected by service upon the Secretary of State and a default judgment ensues due to defendant's failure to apprise the Secretary of a currently valid agent for service, relief from the default may be obtained under CPLR 317 upon a showing that defendant did not receive timely notice of the pendency of the action and has a meritorious defense (*Seijas v Rawhide Ranch,* 99 AD2d 739). Unlike a vacatur motion under CPLR 5015 (subd [a], par 1), it is unnecessary for a defendant seeking relief under CPLR 317 to demonstrate a reasonable excuse for his default (*Winters v Albany Executive House Apts.,* 102 AD2d 985; *Zuppa v Bison Drywall & Insulation Co.,* 93 AD2d 997) or even a reasonable excuse for failure to file a change of address with the Secretary of State (*Cecelia v Colonial Sand & Stone Co.,* 85 AD2d 56).

We affirm solely because defendant has failed to demonstrate a meritorious defense. Defendant's purported defense is based

upon a belated attempt to show that it canceled the contract because of untimeliness of the delivery of the shipment balance. This defense is without merit. Defendant failed to object in a timely fashion to the allegedly late delivery of the second shipment of books, even if it had the right to do so under the contract (Uniform Commercial Code, § 2-601). Any such rejection is ineffective unless the seller is seasonably notified (Uniform Commercial Code, § 2-602, subd [1]). Defendant not only failed to reject this shipment, but failed to apprise plaintiff of any objection to the timeliness of the delivery of this shipment until the renewal motion at Special Term, nearly two and one-half years later. Moreover, defendant never objected to plaintiff's statement of account for $109,987.20, sent on May 25, 1982, covering the books involved. By any reasonable standard, defendant's conduct constituted acceptance of the goods (Uniform Commercial Code, § 2-606). Concur — Murphy, P. J., Sandler, Silverman, Fein and Lynch, JJ.