OPINION OF THE COURT
Franklin T. Russell, J.
Plaintiff brings this action in the Small Claims Part of the Town of Arcadia Justice Court for recovery of the sum of $79.63 allegedly due plaintiff for a magnetic sign provided to and at the request of defendant. The parties presented their testimony and evidence before Hon. Franklin T. Russell, Town Justice for the Town of Arcadia, on October 18,1989.
*534 In summary, an employee of plaintiff testified that on or about December 1, 1988 defendant requested plaintiff make a magnetic sign, which would adhere to the door of defendant’s vehicle, advertising his business name and telephone number. Plaintiff painted the sign which defendant eventually picked up on or about January 27, 1989. The witness further testified that several attempts to contact defendant to pay the invoice were made, but nothing was heard from defendant until approximately three months later (May 1989) when he complained that the sign blew off the door of his vehicle while traveling on the New York State Thruway, the loss occurring the day after he picked it up from plaintiff.
Another employee of plaintiff testified that she had informed defendant, when he picked up the sign, that the surface to which the sign was to adhere must be clean and dry (defendant acknowledged having been given those instructions). The witness further testified that she advised defendant that the sign would not adhere if the surface was wet, dirty or encumbered with other foreign substances (defendant denies that he was informed of this).
Defendant testified that the sign in question was a replacement sign for a previous one that plaintiff had made and which had, also, blown off the door of his truck. While defendant was satisfied with the quality of plaintiff’s workmanship, defendant avers no liability, relying upon the fact that plaintiff knew the purpose intended (the adherence to the truck door), and the failure of the sign to satisfactorily remain affixed.
This action raises several issues for the court to consider. The first is to determine whether the contract is one for the sale of goods or services, as a contract for the sale of goods would be controlled by the provisions of the Uniform Commercial Code. (See, UCC 2-102.)
Goods are defined in UCC 2-105 (1) as "all things (including specially manufactured goods) which are movable at the time of identification to the contract for sale”. Subdivision (2) provides that "Goods must be both existing and identified before any interest in them can pass.” Unquestionably, the subject matter of this action is "goods” as defined by the Code.
Services are not goods, but where they are combined, as here, the court must look to which factor is predominant. The court takes notice of the invoice of plaintiff, dated January 27, 1989, describing the agreement of the parties as "one mag *535 netic for Dale’s Tire Service — shading, layout and labor time”. A subsequent invoice, dated May 8, 1989, describes the subject matter as "magnetic for Dale’s Tire Service”.
While the plaintiff was to provide the service of layout and painting the magnetic sign, the court finds that the predominant purpose of the contract was to transfer title to personal property, a sale of goods, namely, a magnetic sign that would serve the purpose of adhering to defendant’s motor vehicle and advertise his business. As such, the layout and painting of the sign were merely incidental or collateral to the sale.
Under the Code, the seller (plaintiff) is obligated to tender delivery of conforming goods (see, UCC 2-503 [1]), which the court finds seller has done. The buyer (defendant) may accept or reject the goods if the goods or the tender of delivery fail in any respect to conform to the contract (see, UCC 2-601). In considering the circumstances of the instant case in the light most favorable to buyer, that the magnetic sign did not conform to the contract by failing to properly adhere to the truck, the buyer has the duty to reject the goods within a reasonable period of time after having an opportunity to inspect the goods, or acceptance will be presumed (UCC 2-606 [1] [b]; 2-602 [1]). "Rejection * * * is ineffective unless the buyer seasonably notifies the seller.” (UCC 2-602 [1].) Buyer failed to seasonably reject the magnetic sign by failing to apprise seller of any objection to its failure to adhere to the truck panel for approximately three months. By any reasonable standard, defendant’s conduct constituted acceptance of the goods (UCC 2-606). (See, Simon & Schuster v Howe Plastics & Chems. Co., 105 AD2d 604.)
Buyer has the remedy of revoking his acceptance where the nonconformity substantially impairs its value to him if he has accepted the goods on the reasonable assumption that the nonconformity would be cured (and it has not been seasonably cured) or, without discovery of such nonconformity, buyer’s acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller’s assurances. (UCC 2-608 [1] [a], [b].) However, such "[Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it * * *. It is not effective until the buyer notifies the seller of it.” (UCC 2-608 [2]; emphasis added.)
The Code, as aforestated, provides appropriate remedies for buyer under the circumstances of the instant case. This court *536 finds that buyer has failed to avail himself of the remedies by his failure to reject the goods in a timely fashion after discovery of the alleged defect. As such, seller was denied its right to cure (UCC 2-508 [2]). Therefore, buyer is deemed to have accepted the goods.
This court finds for plaintiff in the sum of $69.55. The late charge ($10.08) requested by plaintiff is denied in that the compilation of a late charge was no part of the sales transaction.