Order, Supreme Court, New York County (Bernard J. Fried, J.), entered May 24, 2011, which, to the extent appealed from, granted plaintiffs’ motion for a default judgment against the corporate defendant William D. Witter, Inc. (Witter Inc.), and denied, sub silentio, Witter Inc.’s cross motion for an extension of time to answer the complaint, unanimously reversed, on the law, without costs, the motion denied, and the cross motion granted.
Personal jurisdiction was obtained over Witter Inc. by plaintiffs’ delivery of a copy of the summons and complaint to the office of the Secretary of State in accordance with Business *573 Corporation Law § 306 (b) (see Micarelli v Regal Apparel, 52 AD2d 524 [1976]). However, the record shows that Witter Inc. did not receive notice of the action from the Secretary of State, inasmuch as plaintiffs occupied Witter Inc.’s former corporate address (where a copy of the summons and complaint would have been sent by the Secretary of State) and plaintiffs never delivered to Witter Inc. such a notice even though plaintiffs, who had recently left Witter Inc.’s employ, undertook to collect and forward mail addressed to Witter Inc. to its agent. Under the circumstances, which indicated that Witter Inc. lacked notice of the summons in time to respond, and in light of Witter Inc.’s prompt application to remedy its default and its demonstration of a meritorious defense, Witter’s application for an extension of time to respond to the complaint should have been granted (see Spearman v Afreet Corp., 238 AD2d 194 [1997]; Epstein v Abalene Pest Control Serv., 98 AD2d 832 [1983]; CPLR 3012 [d]). Concur — Mazzarelli, J.P., Saxe, DeGrasse, Richter and Abdus-Salaam, JJ.