Germain v American Intl. Indus. (2021 NY Slip Op 00116)





Germain v American Intl. Indus.


2021 NY Slip Op 00116


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Acosta, P.J., Webber, González, Scarpulla, JJ. 


Index No. 190049/17 190317-16 Appeal No. 12845-12846 Case No. 2020-01895 2020-03264 

[*1]Eddie Germain et al., Plaintiffs-Respondents,
v
American International Industries, et al., Defendants, The Neslemur Company, Defendant-Appellant.
In the Matter of New York City Asbestos Litigation
Mariann Luca et al., Plaintiffs-Respondents,
v
American International Industries for Clubman, et al., Defendants, The Neslemur Company, Defendant-Appellant.


Clyde & Co US LLP, New York (Peter J. Dinunzio of counsel), for appellant.
Levy Konigsberg LLP, New York (Renner K. Walker of counsel), for respondents.



Orders, Supreme Court, New York County (Manuel J. Mendez, J.), entered on or about February 28, 2020, and July 14, 2020, which denied defendant Neslemur Company's motions pursuant to CPLR 3211(a)(8) to dismiss the complaints as against it for lack of personal jurisdiction, based on improper service, unanimously affirmed, with costs.
Jurisdiction over defendant, a foreign corporation that was previously authorized to conduct business in New York, was obtained by service on the New York Secretary of State in accordance with Business Corporation Law § 306(b) (see Pryor v Witter, 96 AD3d 572 [1st Dept 2012]; Matter of Unsafe Bldg. & Structure No. 1184-1194 Riv. Ave., 268 AD2d 309, 310 [1st Dept 2000]). Unlike Business Corporation Law § 307, § 306 provides that "[s]ervice of process on [an authorized foreign] corporation shall be complete when the secretary of state is so served" (Business Corporation Law § 306[b][1]).
That defendant's Delaware certificate of incorporation was void when these actions were commenced is of no moment. The claims against defendant are based on its alleged tortious activities committed within this State before the certificate had been voided (see Business Corporation Law § 1311).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021