*601 OPINION OF THE COURT
Lawrence J. Bracken, J.
Show cause order submitted on behalf of Alben Realty Corp., the assignee of purchaser at a mortgage foreclosure auction sale held on January 30, 1979, for an order:
(1) vacating the ex parte order of this court granted July 17, 1979, which vacated the interim order of this court, granted June 19, 1979, pursuant to the stipulation of the parties dated July 2, 1979, and which permitted the settlement of the foreclosure action by payment of $21,473.52 by defendants to plaintiff within 10 days after entry of said order, and which further ordered that upon payment the referee be discharged from his obligations under the judgment of foreclosure and be permitted to return a deposit received at the foreclosure sale, and which further provided that upon the failure of the defendants to pay the sum of $21,473.52 to the plaintiff within 10 days after entry of the ex parte order, the plaintiff was granted leave to submit on notice an order denying the original motion by the defendants to vacate the foreclosure; and
(2) ordering that the motion of the defendants Schoon, dated March 14, 1979, be denied upon the failure of the parties to comply with the terms of the order of July 17,1979;
(3) scheduling a hearing on the allegations and issues raised by the order to show cause dated March 14, 1979;
(4) directing the referee, Richard J. Cron, Esq., to convey title to the premises described in the foreclosure proceeding pursuant to the terms of sale dated January 30, 1979 to Alben Realty Corp., is determined as follows:
On March 14, 1979, the defendants, by order to show cause, sought to vacate the judgment of foreclosure and the foreclosure sale, and the interim order of this court, granted May 2, 1979, granted the defendants’ motion to the extent that an evidentiary hearing was to be scheduled upon compliance with the direction that defendants deposit $7,500 with the clerk of this court, all pursuant to the interim order granted May 2, 1979. The interim order of this court, granted June 19, 1979, extended the time within which to make a deposit, which deposit was increased from $7,500 to $8,000.
The original order to show cause granted March 14, 1979 was served upon Alben Realty Corp. The interim order of this *602 court granted May 2, 1979 was served upon Alben Realty Corp. The defendants’ counsel, by letter dated June 26, 1979, addressed to all parties, including Alben Realty Corp., enclosed a copy of the interim order of this court granted June 19, 1979. Defendants’ counsel’s letter dated June 26, 1979 advised in part as follows: "Due to the default in appearance of Alben Realty Corp. my client will pay, on July 2, 1979 the full amount due and owing under the mortgage agreement in discharge of the mortgage debt, interest and costs. My client will receive a satisfaction of mortgage, a withdrawal of the Notice of Pendency, and a Stipulation of Discontinuance.”
Pursuant to subdivision 2 of section 1341 of the Real Property Actions and Proceedings Law, this court directed that the defendant pay into court a sum which this court estimated was the amount due the plaintiff in the foreclosure action, costs for the action, and expenses of the proceedings to sell the defendants’ real property at the foreclosure sale. At the time of the order the public auction sale had been completed. No referee’s deed was ever delivered. A memorandum of sale was signed by the purchaser, Roberts Equities, Ltd., on January 3, 1979, and a receipt for the deposit of $1,530 was signed by the referee.
Addressing ourselves initially to the failure of the movant to address itself to any of the original motions made by the defendants Schoon, and movant’s further failure to seek any relief after receipt of the interim orders of this court granted May 2, 1979 and June 19, 1979, and after further receipt of the notice by letter addressed to the said movant from the attorney for the said defendants, dated June 26, 1979, there is little doubt that both plaintiff savings bank and the defendants Schoon, materially changed their position in the face of the said movant’s failure to object to such motions and orders. The movant accordingly is equitably estopped at this time from objecting to the aforesaid orders and actions of both plaintiff bank and defendants (Hydraulic Power Co. of Niagara Falls v Pettebone-Cataract Paper Co., 198 App Div 644; see, also, 21 NY Jur, Estoppel, § 15).
In addition, while a sale at foreclosure was conducted, no deed was delivered to the said movant; clearly, therefore, no title transfer took place in this particular instance since no such delivery was had. In this regard it has been stated that anything short of passing of title by delivery of the deed does not constitute a sale, but merely an agreement to sell (Nepon *603 sit Holding Corp. v Ansorge, 215 App Div 371; see, also, 62 NY Jur, Vendor and Purchaser, § 2).
The term "conveyance”, as well as "purchaser”, is clearly defined by the pertinent provisions of the Real Property Law (see Real Property Law, § 290, subds 2, 3).
The pertinent provisions governing the within transaction are contained in section 1353 of the Real Property Actions and Proceedings Law which provides as follows:
"1. After the property has been sold, the officer conducting the sale shall execute a deed to the purchaser. The plaintiff, or any other party, may become a purchaser. * * *
"3. The conveyance vests in the purchaser the same estate only that would have vested in the mortgagee if the equity of redemption had been foreclosed. Such a conveyance is as valid as if it were executed by the mortgagor and mortgagee, and, except as provided in section 1315 and subdivision 2 of section 1341, is an entire bar against each of them and against each party to the action who was duly summoned and every person claiming from, through or under a party by title accruing after the filing of the notice of the pendency of the action.” (Emphasis supplied.)
This issue of delivery as constituting a significant factor in the conveying of real property is reflected further in the fact that absent transactions in fraud of creditors by owners of the equity of redemption, the recording date of subordinated mortgages, the docketing of perfected judgments in the county clerk’s office and filing of notices of mechanics’ liens prior to the delivery of the deed in foreclosure determine the order of priorities in the payment of surplus moneys. Recording and filing after the delivery of a referee’s deed results in a second category of persons who share pro rata (Sadow v Poskin Realty Corp., 63 Misc 2d 499).
Accordingly, this court holds that the provisions of Real Property Actions and Proceedings Law are applicable.
On February 1, 1979, Roberts Equities, Ltd., assigned its interest to the movant herein, Alben Realty Corp. The affidavit of Bernard Kievan, sworn to December 11, 1979, in support of the present motion, alleges in paragraph 5: "At that time Alben Realty Corp. was and still is an innocent purchaser for value from the Referee”.
For purposes of this motion this court will assume that the successful bidder, Roberts Equities, Ltd., was a nominee of *604 Alben Realty Corp. and that the assignment made February 1, 1979 was made with the knowledge of Alben that the public auction sale held January 30, 1979 was based upon a resettled judgment of foreclosure granted April 11, 1975. This court would further note that there is no indication as to the consideration paid by Alben to Roberts for the assignment, supra.
The notice of public sale was published December 28, 1978 and three consecutive weeks thereafter in the Amityville Record and such public notice referred to the judgment made and entered April 11,1975. Such notice included the following information:
"amount of judgment $15,697.90
"costs 605.50
"subject to terms of judgment of foreclosure and sale.”
The notice of sale was served only upon the defendant William A. Schoon. The amount reflected in the judgment in turn was based upon a report of the referee dated January 24, 1975, which reflected that the unamortized balance of the mortgage as of said date was $14,495.88 (cf. statement dated June 28, 1979 of mortgage status, which reflected unamortized amount of $13,859.41, annexed to Siegel affidavit sworn to January 9, 1980).
Based upon the circumstances presented, the plaintiff was obligated at a minimum to obtain an order amending the resettled judgment of foreclosure to provide for the- anticipated foreclosure sale and also reflect the revised amount due the plaintiff in the said action, including but not limited to the additional real estate taxes paid during the intervening period by the plaintiff.
This court holds that the notice of sale published almost four years after the entry of the resettled judgment of foreclosure and without benefit of a postjudgment order, which said notice continued to use the alleged sums due in the original judgment of foreclosure, resulted in a defective notice of foreclosure, which on its face placed on notice the said proposed bidders at the public auction sale of the existence of a defect in such sale. In addition, the facts of this case distinguish it from those situations where a deed has been delivered, be it a deed by a referee in foreclosure, or a deed by a Sheriff (see Guardian Loan Co. v Early, 47 NY2d 515; Roose *605 velt Hardware v Green, 72 AD2d 261, both these cases involving Sheriffs’ deeds).
CPLR 2003 provides that at any time within one year after a judicial sale the court may set aside such sale for a failure to comply with the requirements of the CPLR as to the notice or in those instances where a substantial right of a party was prejudiced by such defect. This court concludes that the defect which occurred with respect to the purported notice of sale was not a mere irregularity, but in fact was substantially prejudicial and resulted in a defect in jurisdiction. Such conclusion is in no way weakened by the fact that CPLR 2003 makes no mention of the Real Property Actions and Proceedings Law (Gegerson v Northern Operating Corp., 41 AD2d 837).
It is further held and determined that CPLR 2003 furnishes this court with authority to entertain the application of the defendants to vacate the said foreclosure sale at a point prior to the delivery of the deed by the said referee and that this court possesses discretionary authority to enforce or relieve the parties in this matter from the consequences of a stipulation into which they have entered during the course of litigation, and this court will exercise such discretionary authority with respect to the altering of the given stipulation in this case so as to carry out the wishes of the parties (Teitelbaum Holdings v Gold, 48 NY2d 51).
Accordingly, the motion by Alben Realty Corp. is denied for the following reasons:
(1) The movant failed to submit any papers with respect to the original motions made by the defendants Schoon, to vacate the judgment of foreclosure and thereafter failed to seek any relief after receipt of the interim orders of this court granted May 2, 1979 and June 19, 1979, and the letter notice by the attorney for the defendants, Schoon, dated June 26, 1979. The foreclosure action was thereafter discontinued and accordingly equitable estoppel now prohibits the movant from asserting any rights.
(2) This court has jurisdiction, under subdivision 2 of section 1341 of the Real Property Actions and Proceedings Law to allow the payment of all the amounts in default upon the aforesaid mortgage and to stay all proceedings upon such judgment after such payment; this is so since this court holds that the perfecting of a foreclosure sale requires the delivery *606 of a deed by the said referee in foreclosure, a fact not present in this case.
(3) The failure by the aforesaid plaintiff in this instance to secure by postjudgment order an amendment to the original order of publication and notice of sale in the said foreclosure action, constitutes a jurisdictional defect with respect to the said purported sale for the reasons hereinbefore set forth.
The consequences of denying the present application do not result in a gross injustice to the movant, Alben. There are no countervailing equities in favor of Alben as to compel this court to direct a hearing. The fact that the defendants Schoons’ attorney advanced $10,000 in order to settle the foreclosure action on July 27, 1979 and obtained a deed as security for the advance made by said attorney is not dispositive of the issues presented. Whether or not the foreclosure sale required the successful bidders to pay, in addition to the bid price, real estate taxes paid by the plaintiff bank for the period 1975 through the date of the foreclosure sale likewise is not relevant to the present motion.