OPINION OF THE COURT
Jack J. Cannavo, J.
This motion by Bonnie Gerard Cohen for an order vacating a judgment of default dated June 20, 1990, on the grounds that the court did not have jurisdiction of her is denied.
In 1988, the plaintiff, the Bowery Savings Bank, commenced *634 an action to foreclose a mortgage against Harbert Offset Corporation, Filmvue Associates, Inc., Philip Landeck Productions, Inc., Bank Leumi Trust Company of New York, David Kule and the State of New York. *
The defendant, Filmvue Associates, Inc., mortgaged the property in 1975. In 1980, title to the property was transferred to Harbert Offset Corporation. Both Harbert Offset Corporation and Filmvue Associates, Inc. were served with process and do not contest jurisdiction. David Kule and Bank Leumi Trust Company of New York were named and served because they were judgment creditors. The State of New York was served because of possible unpaid franchise taxes owed by Harbert Offset Corporation. The holder of a junior mortgage, Philip Landeck Productions, Inc., was not served. Bonnie Cohen was served as a possible tenant in December of 1988. ' Service was effectuated upon a person of suitable age and location at the defendant’s alleged actual place of business and mailing at 12 West 21st Street, New York, New York.
On September 22, 1989, the property was sold to Lawrence Newhouse for $167,000. Thereafter, Harbert Offset Corporation moved to vacate the judgment of foreclosure. Judge Gerard denied the motion tp vacate the judgment, and he found that service on Harbert Offset Corporation was proper.
Bonnie Gerard Cohen alleges that she has a right to equitable redemption and a proprietary interest. However, she does not completely state the facts which give rise to these claims.
Although the lot of property which has been foreclosed upon has'been declared to be a marital asset, this factor does not give Bonnie Cohen a right of redemption. This defendant does not have a lien on the property on the basis of a decision that the property is subject to equitable distribution (RPAPL 1311). If the Legislature intends to protect spouses from foreclosure of marital property where such property is actually owned by a third entity, here a corporation, the RPAPL should be amended to reflect this modification.
The owner of the equity of redemption or any person with an interest in the premises has a right to redeem property prior to the actual sale under a judgment of foreclosure (First Fed. Sav. & Loan Assn. v Smith, 83 AD2d 601; City Bank v Press Realty Corp., 139 Misc 2d 558). Once the property is sold the right to redeem is lost (Belsid Holding Corp. v Dahm, 12 AD2d 499; RPAPL 1352).
Although the right of redemption has been lost, the court *635 may still vacate a foreclosure sale where there is fraud, collusion, mistake, misconduct, surprise, or an inadequate price on the sale (Emigrant Indus. Sav. Bank v Van Bokkelen, 269 NY 110; White v Magee, 85 AD2d 858). The defendant has not shown fraud, collusion, mistake, misconduct, surprise or an inadequate price.
Since Bonnie Cohen was not a necessary party to this foreclosure action, her motion is denied (RPAPL 1311; Genuth v First Div. Ave. Realty Corp., 88 Misc 2d 586). She has not shown that she was a tenant on the property in the affidavit submitted on this motion. It appears that, at best, she had a license to use the property from Harbert Offset Corporation. However, this decision does not cut off her rights in the land as a tenant to the property. The court makes no determination herein as to whether the defendant was or was not a tenant or the nature of any such tenancy (see, RPAPL 1311).