■ Bowery Savings Bank, Respondent, v Harbert Offset Corp. et al., Defendants, Bonnie G. Cohen, Also Known as Jane Doe, Appellant, and N. Lawrence Newhouse, Intervenor-Respondent.—In an action to foreclose a mortgage, the defendant Bonnie Gerard Cohen appeals from an order of the Supreme Court, Suffolk County (Cannavo, J.), dated June 27, 1990, which denied her motion to vacate a judgment of foreclosure and sale entered against her upon her default in appearing.

Ordered that the order is affirmed, with one bill of costs.

The appellant argues that she was a "necessary defendant" under RPAPL 1311 (1) by virtue of her being a tenant in possession of the property subject to the foreclosed mortgage. According to the appellant, as a result of improper service of process there was a lack of personal jurisdiction and therefore, the judgment of foreclosure and the subsequent sale were invalid. After reviewing the record, however, we fail to find any evidence establishing that the appellant was a tenant or holds any other interest in the subject property *(see, e.g., Preston v Hawley,* 101 NY 586, 588). A mere assertion that she owned an adjacent parcel and that she maintained a greenhouse and cultivated fruit trees on the property does not support a finding that she was a tenant in possession. Since the appellant was not a necessary party to this foreclosure action, her motion to vacate the judgment of foreclosure was properly denied *(see,* RPAPL 1311 [1]).

We have examined the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Miller and O'Brien, JJ., concur. *[See,* 147 Misc 2d 633.]