PNC Bank, N.A. v Lefkowitz (2020 NY Slip Op 04332)





PNC Bank, N.A. v Lefkowitz


2020 NY Slip Op 04332


Decided on July 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-03551
 (Index No. 33459/13)

[*1]PNC Bank, National Association, respondent,
v
Esther Lefkowitz, appellant, et al., defendants.


Solomon Rosengarten, Brooklyn, NY, for appellant.
Sandelands Eyet LLP, New York, NY (Kathleen Cavanaugh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Esther Lefkowitz appeals from an order of the Supreme Court, Rockland County (Paul I. Marx, J.), dated February 27, 2018. The order denied that defendant's motion, inter alia, to vacate a judgment of foreclosure and sale of the same court dated August 23, 2017.
ORDERED that the order is affirmed, with costs.
In January 2003, the defendant Esther Lefkowitz (hereinafter the borrower) executed a note in favor of the plaintiff's predecessor in interest, and the debt was secured by a mortgage encumbering certain real property located in Monsey. In October 2005, the borrower conveyed the property to the defendant Herschel Engel. In March 2008, the borrower defaulted on her mortgage obligations.
In 2013, the plaintiff commenced this action against the borrower and Engel, among others. The borrower failed to appear or answer the complaint. The Supreme Court ultimately issued a judgment of foreclosure and sale on August 23, 2017.
On January 8, 2018, the borrower moved to vacate the judgement of foreclosure and sale and to dismiss the action insofar as asserted against her for lack of personal jurisdiction. The Supreme Court denied the borrower's motion, and she appeals.
CPLR 308(2) authorizes service, inter alia, by delivery of the summons and complaint within the state to a person of suitable age and discretion at the defendant's dwelling place and mailing the summons to the defendant's last known residence (see CPLR 308[2]). Ordinarily, a process server's sworn affidavit of service is prima facie evidence of proper service (see Toyota Motor Credit Corp. v Lam, 93 AD3d 713, 714). While bare and unsubstantiated denials are insufficient to rebut the presumption of service, a sworn denial containing a detailed and specific contradiction of the allegations in the process server's affidavit will defeat the presumption of proper service (see Deutsche Bank Natl. Trust Co. v Stolzberg, 165 AD3d 624, 625).
Here, the affidavit of service constituted prima facie evidence that the borrower was [*2]properly served pursuant to CPLR 308(2) (see US Bank, N.A. v Arias, 85 AD3d 1014, 1016). However, the borrower's affirmed statement, made under penalty of perjury, that she did not reside at the subject premises but at a different address in Spring Valley, along with documentary evidence supporting that claim, was sufficient to rebut the prima facie showing (see Edwards, Angell, Palmer & Dodge, LLP v Gerschman, 116 AD3d 824, 825; Dime Sav. Bank of Williamsburg v 146 Ross Realty, LLC, 106 AD3d 863, 864; Toyota Motor Credit Corp. v Lam, 93 AD3d at 714; US Bank, N.A. v Arias, 85 AD3d at 1015-1016).
Nevertheless, under the circumstances presented, we agree with the Supreme Court that even if there remains an issue of fact as to whether the borrower was properly served, she is not entitled to vacatur of the judgment of foreclosure and sale. Where, as here, a mortgagor has made an absolute conveyance of all her interest in the mortgaged premises, including her equity of redemption, she is not a necessary party to foreclosure, unless a deficiency judgment is sought against her (see DLJ Mtge. Capital, Inc. v 44 Brushy Neck, Ltd., 51 AD3d 857, 859; Federal Natl. Mtge. Assn. v Connelly, 84 AD2d 805, 805). In light of the plaintiff's express waiver of the right to seek a deficiency judgment against the borrower, the borrower is not a necessary party to foreclosure (see Bowery Sav. Bank v Harbert Offset Corp., 174 AD2d 645, 646) and, therefore, her motion, inter alia, to vacate the judgment of foreclosure and sale was properly denied.
CHAMBERS, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court