· ■ EUGENE WINTERS, Respondent, v ALBANY EXECUTIVE HOUSE APART-MENTS, INC., Appellant. — Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered December 29, 1983 in Albany County, which denied defendant's motion to vacate a default judgment. ¶ This personal injury action against defendant was commenced by service of a summons and complaint pursuant to section 306 of the Business Corporation Law. As the address defendant had on file with the Secretary of State was incorrect, defendant never received notice of the summons and a default judgment was entered against it on August 28, 1982. A letter dated April 19, 1983, and received by defendant on May 10, 1983, advised defendant of the default judgment and that a hearing on the issue of damages, which as it developed was postponed, was scheduled for April 26, 1983. Defendant's attorney avers, and it is unchallenged, that on May 12 he contacted plaintiff's attorney, who orally agreed to undertake settlement negotiations and to advise defendant of any scheduled damages inquest if those negotiations proved fruitless. With apparently no further contact between the parties, an inquest was taken in August of 1983 and plaintiff was awarded a judgment in the amount of $12,742.51. The judgment was entered on August 21, 1983. Defendant discovered this on November 10, 1983 when a deputy sheriff attempted to execute on the judgment. ¶ By notice of motion dated November 18, 1983, defendant moved pursuant to CPLR 317 to vacate the default and for leave to interpose an answer to the complaint. Special Term denied the motion on the grounds that: (1) defendant failed to assert a meritorious defense; (2) defendant was aware of plaintiff's accident by reason of a letter received by its manager on December 22, 1981 advising that plaintiff had fallen on the sidewalk leading to defendant's apartment house; (3) plaintiff is over 70 years of age; and (4) defendant delayed seven months after actually learning of the default judgment before proceeding to vacate it. ¶ When reliance is had on CPLR 317 to vacate a default judgment, the defendant need only show that he did not personally receive notice of the pending lawsuit in time to defend and that he has a meritorious defense; it is unnecessary for the defendant to demonstrate a reasonable excuse for his default (*Epstein v Abalene Pest Control Serv.*, 98 AD2d 832; *Meyer v Fisher & Sons Dental Lab.*, 90 AD2d 889; McLaughlin, 1983 Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1983-1984 Pocket Part, CPLR C317:1, pp 209-210). Here, the method of service is undisputed and a meritorious defense is set forth. Defendant

submitted an affidavit by the manager of the apartment complex where the accident purportedly occurred which refuted plaintiff's allegations that the walkway was unlit and in disrepair. In addition, she swears that there were iron railings on either side and that no one had ever complained that the walkway was unsafe in any respect. ¶ Nor do we find that the seven-month delay between defendant's discovery of, and its motion to vacate, the default judgment necessitates an affirmance; CPLR 317 affords defendants one year in which to bring a motion to vacate. Although the circumstances of this particular case indicate that imposing a monetary sanction on defendant, to the extent of compensating plaintiff for costs and counsel fees incurred because of defendant's laxity in failing to record its change of address with the Secretary of State, would be appropriate, we are not disposed to do so for it appears that plaintiff was at all times aware of defendant's actual business address and could have effected personal service. ¶ Order reversed, on the law and the facts, without costs, defendant's motion granted and judgment entered August 21, 1983 vacated, with leave granted to defendant to serve an answer within 20 days of the date of this court's decision herein. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.