■ BANK LEUMI TRUST COMPANY OF NEW YORK, Appellant-Respondent, v JOHN MALASKY, INC., Respondent-Appellant. — Main, J. Cross appeals from an order of the Supreme Court at Special Term (Williams, J.), entered July 23, 1984 in Columbia County, which granted defendant's motion to vacate a default judgment entered against it and dismissed plaintiff's complaint without prejudice to serve an amended complaint.

In 1975, Catherine Esposito purchased a mobile home for $9,428, including sales tax, from plaintiff's predecessor in interest, which accepted a $1,200 down payment and financed the balance over 10 years, retaining a security interest in the mobile home for the amount of the balance. A Uniform Commercial Code (UCC) financing statement, indicating Catherine Esposito as the debtor, was filed to perfect the security interest. On July 2, 1980, well after plaintiff had purchased the retail installment contract signed by Catherine Esposito, plaintiff filed a UCC continuation statement indicating Catherine Esposito Reese as the debtor.

Meanwhile, in May 1980, defendant agreed to purchase the mobile home from one Catherine Reese, who guaranteed in writing that there was no lien or encumbrance affecting the title to the mobile home. It appears from the record that defendant conducted a search and found no UCC filing which listed Catherine Reese as a debtor at that time. Apparently in late July 1980, defendant paid $2,000 for the mobile home, which was resold by defendant on August 2, 1980 for $5,500 plus tax.

In 1980, after Catherine Esposito Reese ceased making payments due under the retail installment contract, plaintiff sought to repossess the mobile home, but could not locate it. Plaintiff was subsequently informed that Catherine Esposito Reese had filed a voluntary petition in bankruptcy, which automatically stayed repossession of the mobile home. In February 1981, Catherine R. Reese, also known as Catherine R. Esposito, received a discharge in bankruptcy. Plaintiff, after learning that defendant had bought and sold the mobile home, demanded that defendant pay the balance due on the loan secured by the security interest in the mobile home. Plaintiff was informed by defendant that no payment would be forthcoming as defendant had no liability regarding the security interest.

Plaintiff then commenced this action for conversion by service on the Secretary of State. A default judgment was entered against defendant, which thereafter moved to vacate the default and to dismiss the complaint on the ground that the three-year Statute of Limitations for claims for conversion barred the action. Special Term vacated the default judgment and dismissed the complaint, without prejudice to plaintiff's right to

amend the complaint to plead causes of action arising from occurrences described in the affidavits submitted by the parties. From the order entered thereon, the parties cross-appeal.

We first find no merit to plaintiff's contention that Special Term erred in dismissing the complaint as time barred because, if read liberally, the complaint makes out a cause of action in implied or quasi contract and, thus, a six-year Statute of Limitations was applicable rather than the three-year Statute of Limitations which applies to actions for conversion. Plaintiff's complaint alleges that "defendant * * * converted" the mobile home and that, at the time of "its conversion," the mobile home was worth more than the security interest. Such language makes clear that conversion was the claim alleged and that a three-year Statute of Limitations is applicable to such an action, regardless of whether the conversion arose from a contractual relationship or tortious conduct (*Two Clinton Sq. Corp. v Fried-ler,* 91 AD2d 1193, 1194). Accordingly, Special Term properly concluded that the complaint should be dismissed as time barred. Next, we find no error in Special Term's decision to vacate the default judgment. To vacate a default judgment under CPLR 317, the section relied on by defendant, a "defendant need only show that he did not personally receive notice of the pending lawsuit in time to defend and that he has a meritorious defense; it is unnecessary for the defendant to demonstrate a reasonable excuse for his default" (*Winters v Albany Executive House Apts.,* 102 AD2d 985). The record reveals that defendant did not receive notice of the pending lawsuit because a change in defendant's address had not been delivered to the Secretary of State, upon whom service had been made. Furthermore, as discussed above, the defense of the Statute of Limitations was meritorious. Thus, Special Term properly vacated the default judgment under CPLR 317 (*see, Epstein v Abalene Pest Control Serv.,* 98 AD2d 832).

Finally, in light of the facts that separate and distinct causes of action which could have been asserted, but which were not, should be allowed in an amended complaint (*see, McNaughton v Hudson,* 50 AD2d 863, 864) and that amendments to pleadings should be freely granted and determined within a court's discretion (CPLR 3025 [b]; *Murray v City of New York,* 43 NY2d 400, 405), we cannot say that Special Term erred in permitting plaintiff to amend its complaint. We are not persuaded that laches should prevent this result. We add that we express no opinion on the merit of any possible cause of action in an amended complaint.

Order affirmed, without costs. Mahoney, P. J., Main, Casey, Yesawich, Jr., and Levine, JJ., concur.