■ MARQUETTE COMPANY, Appellant-Respondent, v NORCEM, INC., Respondent-Appellant.—Mahoney, P. J. Cross appeals from an order of the Supreme Court at Special Term (Williams, J.), entered July 2, 1984 in Greene County, which, *inter alia,* granted defendant's motion to vacate a default judgment entered against it.

In 1981, the parties entered into a contract covering a period from September 1, 1981 to March 31, 1984 during which defendant contracted to purchase cement exclusively from plaintiff. The quantity and sales price for the first two shipments of cement to defendant were set forth in the contract. With regard to the third shipment, the contract mandated that the parties were to negotiate a price not to exceed $38 per short ton. Plaintiff informed defendant that it was prepared to deliver the cement at $38 per short ton, the maximum amount allowed by the contract. When defendant notified plaintiff that it considered plaintiff's insistence on the maximum amount a refusal to negotiate in good faith, plaintiff responded by informing defendant that its refusal to purchase the cement at $38 per short ton was a breach of the contract.

Thereafter, plaintiff commenced the instant action for breach of contract by service upon the Secretary of State pursuant to Business Corporation Law § 306. The summons and complaint were forwarded to an individual who, according to the Secretary of State's current records, was the agent authorized to receive service for defendant. When the papers were returned to the Secretary of State because the autho-

rized agent had moved without leaving a forwarding address, plaintiff obtained a default judgment against defendant in the amount of $4,547,247. When plaintiff sought to enforce the judgment, defendant moved to vacate the default. Special Term vacated the default but let the judgment stand as security pending the final disposition of the action. This appeal by plaintiff and cross appeal by defendant ensued.

We reject plaintiff's contention that Special Term erred in vacating the default judgment because defendant did not demonstrate a reasonable excuse for its failure to appear and that it had a meritorious defense to the action. In *Meyer v Fisher & Sons Dental Lab.* (90 AD2d 889), this court held that, pursuant to CPLR 317, a person served with a summons other than by personal delivery to him or to his agent for service under CPLR 318 can be relieved of a default upon a finding of the court that he did not personally receive notice of the summons in time to defend and that he has a meritorious defense *(see, Epstein v Abalene Pest Control Serv.,* 98 AD2d 832; *Zuppa v Bison Drywall & Insulation Co.,* 93 AD2d 997). While the failure to demonstrate a reasonable excuse for not maintaining a correct address with the Secretary of State has been held to preclude relief pursuant to CPLR 5015 (a) *(see, Cristo Bros. v M. Cristo, Inc.,* 91 AD2d 807, *appeal dismissed* 59 NY2d 760), it will not preclude relief pursuant to CPLR 317. Here, it is uncontroverted that defendant did not receive notice of the summons before the default judgment was entered. Therefore, all that remains to be considered is whether defendant demonstrated a meritorious defense.

While defendant asserted five different defenses to plaintiff's action, we need to consider only the first two. Defendant's first defense, that plaintiff refused to negotiate in good faith, appears, on its face, to have merit. The contract between the parties specifically states that the parties were to negotiate the sale price of certain shipments of cement. Because every contract imposes an obligation of good faith in its performance *(see,* UCC 1-203), plaintiff's refusal to consider any payment other than the maximum amount permitted by the contract invests some merit in the defense that plaintiff refused to negotiate in good faith. Next, while it is true that parties can conclude a sales contract even though the sales price is not settled, the parties must intend this to be the case *(see,* UCC 2-305 [1]). Whether the parties so intended is normally a question of fact. Here, a fair reading of the contract seems to indicate that the parties did intend to conclude the contract despite the fact that all sales prices were not settled. However,

this question of the real intent of the parties is a question properly mandating vacatur of the default judgment so that it can be addressed by the trier of fact.

Finally, defendant, on its cross appeal, argues that Special Term erred in allowing the default judgment to stand as security. We disagree. Even where the default is unintentional, the default judgment may be permitted to stand as security pending the final disposition of the action (see, Gables Props. v Finnmarc Corp., 49 AD2d 923; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5015.4).

Order affirmed, without costs. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.