■ JOHN PABONE, Respondent, v JON-BAR ENTERPRISES CORPORATION et al., Appellants.—Yesawich, Jr., J.

This foreclosure action against, among others, defendant

---

Jon-Bar Enterprises Corporation (hereinafter Jon-Bar) was commenced by service, made pursuant to Business Corporation Law § 306, of a summons and complaint upon the Secretary of State who, in turn, mailed notice thereof by certified mail to the Jon-Bar's designated corporate address. The summons and complaint were returned to the Secretary of State marked "unclaimed". Jon-Bar's president maintains service was never received allegedly because the corporation had filed for bankruptcy in 1983, three years earlier, had not done any business since and was simply holding title to the mortgaged property. A default judgment was entered and a foreclosure sale scheduled. Upon learning of the default, Jon-Bar's president promptly moved pursuant to CPLR 317 to open the default judgment, asserting that plaintiff's mortgage and underlying bond, executed on October 10, 1984, the day Jon-Bar's bankruptcy trustee was discharged and the debtor's estate was closed, had been obtained through fraud and were not supported by consideration. County Court denied the motion because Jon-Bar failed to satisfactorily demonstrate that it had not been served; the court found it significant that Jon-Bar did not claim there was in fact a change of address. Jon-Bar appeals.

Resolution of disputes on the merits rather than by default is favored, and to that end a liberal policy toward opening defaults exists *(see, e.g., Picinic v Seatrain Lines,* 117 AD2d 504, 508; *Bishop v Galasso,* 67 AD2d 753). Service on a corporation by delivering process to the Secretary of State is not personal delivery to the corporation or to an agent designated under CPLR 318 *(Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.,* 67 NY2d 138, 142). The lack of a reasonable excuse for not maintaining a correct address with the Secretary of State does not preclude CPLR 317 relief *(Marquette Co. v Norcem, Inc.,* 114 AD2d 738, 739). With these several principles in mind, we reverse.

It is undisputed that "no one from Jon-Bar was occupying" the premises to which service was mailed, namely, 47 Seawane Road, East Rockaway, New York, and that Jon-Bar did not in fact receive the notice sent. Because Jon-Bar has asserted a prima facie meritorious defense, the preconditions of CPLR 317 have thus been met. Given that vacatur of a default is a discretionary function *(see,* 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 317.08), it is relevant to note that plaintiff was aware of Jon-Bar's address, it being recited in the mortgage instrument as RD 1, Box 615, Stone Ridge, New York, as well as the address of Jon-Bar's president at Inwood,

Long Island, who had been in plaintiff's employ until just a few months before the foreclosure suit was commenced and thus plaintiff could have effected personal service *(see, Winters v Albany Executive House Apts.,* 102 AD2d 985, 986; *Brac Constr. Corp. v Di-Com Corp.,* 51 AD2d 740). Finally, there is no indication in the record that Jon-Bar's default was deliberate or intentional.

Order reversed, on the law and the facts, without costs, motion granted, default judgment vacated and defendant Jon-Bar Enterprises Corporation is directed to serve its answer within 20 days of the date of this court's decision. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.