■ DEBBIE A. MARKSON, Appellant, v FREDERICK COURTNEY, Respondent.—Weiss, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered March 2, 1989 in Saratoga County, which, *inter alia,* granted defendant's motion to vacate a default judgment entered against him.

Defendant extracted plaintiff's lower right molar under general anesthesia on February 11, 1987 at his dental office in the Town of Riverhead, Suffolk County. On September 21, 1987 a bare summons in an action venued in Supreme Court, Saratoga County, issued by a Warren County attorney, was served on defendant. The summons did not include the notice requirements prescribed by CPLR 305 (b). Although defendant instructed his clerical employee to forward the summons to his insurance agent, through inadvertence it was placed into plaintiff's dental records file and no appearance was made on behalf of defendant. On December 12, 1987 Jeffrey Burns, an attorney with offices in Nassau County, contends that he caused a summons and complaint in an action venued in Supreme Court, Suffolk County, seeking recovery of damages for the same injury to be served on defendant. No appearance was made on behalf of defendant who subsequently swore that he was not served on December 12, 1987.

In February 1988, by an undated notice of motion, plaintiff moved in Supreme Court, Saratoga County, for entry of a judgment by default. Defendant contends that he did not know that the notice of motion was received in the mail by clerical help in his office and again, unbeknownst to him, was placed into plaintiff's dental records file. On March 18, 1988 Supreme Court, Saratoga County, held defendant in default and on September 14, 1988, following an inquest, granted plaintiff judgment for the sum of $1,560,750. When defendant learned of the judgment, he immediately contacted his personal attorney for representation. On November 8, 1988 defense counsel moved in Supreme Court, Saratoga County, for vacatur of the default judgment. On March 2, 1989 Supreme

Court, Saratoga County, ordered that the judgment be vacated upon the condition that defendant pay $1,000 to plaintiff and that service of a complaint be made within 30 days, denied consolidation of the Saratoga County and Suffolk County actions, removed the Suffolk County action to Saratoga County, and dismissed said action. In the meantime, on December 2, 1988 the law offices of Jeffrey Burns in Nassau County had moved for entry of a default judgment in the Suffolk County action.* Defense counsel opposed the motion and cross-moved for removal to Saratoga County or for dismissal.

Plaintiff appeals from the vacatur order in Saratoga County, contending that defendant failed to make the requisite showing of meritorious defense and to offer a reasonable excuse for his default. We disagree. Defendant's moving affidavit states that from his professional perspective, his treatment of plaintiff was in accordance with good and accepted dental standards and practices and without complications. He described the procedures he had performed and plaintiff's condition when last seen. The nonwillful inadvertence by clerical help in his office satisfactorily explains the default. Moreover, resolution of disputes on the merits is preferred, particularly where, as here, a judgment in excess of $1,500,000 has been obtained by default. Vacatur of defaults is viewed liberally *(Pabone v Jon-Bar Enters. Corp.,* 140 AD2d 872, 873), and we find no abuse of discretion in vacating the default judgment in this case.

Order affirmed, with costs. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.

---

* We note the moving attorney who sharply criticized defendant's excuses explaining his defaults, was himself careless by twice naming defendant as "Jose Vanegas" in his motion papers. The papers were limited to showing default in appearance and failed to include a required affidavit of merit.