■ YOUNG & RUBICAM L.P. et al., Respondents, v GRAMERCY COURT ASSOCIATES et al., Appellants.—Order and judgment (one paper), Supreme Court, New York County (Myriam J. Altman, J.), entered June 12, 1992, granting plaintiffs' motion for summary judgment and awarding them damages of $823,780.99, inclusive of interest and costs and disbursements, unanimously reversed, on the law, and the motion denied, without costs or disbursements.

The landlord (defendants) rebuilt and renovated an office building, which was to be entirely occupied by the tenant (plaintiffs). In accordance with the lease, the tenant was to be responsible for construction costs over $8,450,000 in the work required for its space (tenant work) while the landlord would be responsible for the costs of the work on the structural parts of the building unrelated to tenant space requirements (core

work). Both core and tenant work were to be performed by the same contractors and costs were to be allocated between core and tenant work by the construction manager, a third party. It subsequently became difficult to separate core from tenant work and the parties disagreed as to which costs should be allocated to the landlord and which to the tenant. Eventually, the dispute affected payment to the contractors, which brought mechanic's lien actions against both the landlord and the tenant. One such lienor was East End Wrecking Corp., which sought $721,488.63 for core and $593,003.80 for tenant work, asserting a total lien of $1,314,492.43. The tenant asserted that its share of East End's claim was no more than $72,000.

During the pendency of the lien foreclosure proceeding, the landlord and tenant agreed to a close-out agreement, dated November 12, 1987, which provided, *inter alia,* that the tenant had paid $530,596.82* for tenant work, representing East End's claim of tenant work over the $8,450,000 threshold. As between the landlord and tenant, the agreement provided for two ways in which to resolve East End's claim, either by a final non-appealable judgment or negotiated settlement agreed to by the landlord and East End with the tenant's consent, which would not be unreasonably withheld. After the total amount of East End's claim was fixed, the landlord and tenant were, "promptly" thereafter, to determine between themselves the aliquot share of the amount paid East End payable by the tenant for tenant work. If they could not agree within 30 days, the issue was to be arbitrated or litigated. If allocation resulted in a determination that the tenant work was less than $520,990, the landlord would refund the difference to the tenant. Any refund was to be guaranteed by a bond obtained by the landlord. If it was determined that the tenant's share was more than the reserve, the tenant had no further responsibility.

The landlord contends that after execution of the close-out agreement it repeatedly sought the tenant's approval to negotiate a settlement with East End. Insisting that East End's claim was inflated and that in no event was its claim for tenant work worth more than $72,000, the tenant refused to authorize any settlement, even a settlement for core work, unless it were first determined that the tenant's share for tenant work would not exceed $72,000. After the lien foreclo-

---

* Although the amount specified in agreement is $530,596.82, the actual amount was apparently $520,990.

sure action had been discontinued by stipulation against the tenant and on the eve of trial, the landlord, faced with the possibility that it might be liable for East End's full claim of $1,314,492.43 with interest unless it acceded to the tenant's demand that its share of any settlement be limited to $72,000 and that the tenant would not be liable for more than the $520,990 reserved, settled, without obtaining the tenant's approval, East End's claim for both core and tenant work for $700,000, allocating $50,000 to core and $650,000 to tenant work. The landlord contends that the settlement was prudent, conceding, as it must, that the allocation was not binding on the tenant.

The tenant thereafter commenced this action, alleging breach of contract and seeking refund of the $520,990. After joinder of issue, the tenant was awarded summary judgment, the IAS Court finding that the landlord had breached the close-out agreement by failing to obtain the tenant's consent before settling the East End claim and ordering the landlord to return the entire $520,990. The court also found, as a matter of law, that it was sheer speculation to argue, as the landlord does, that the tenant would not have given its consent to the settlement, had it been sought. We reverse.

The close-out agreement clearly provided that any determination as to each party's allocable share of the amount due East End was to be postponed until after such amount was judicially determined or fixed by settlement. The tenant did not have the right, as allegedly it asserted it had, to withhold approval of any settlement that would obligate it to pay more than $72,000; the close-out agreement implicitly imposed upon the parties the obligation to negotiate in good faith. (See, Smith v United Traction & Elec. Co., 49 App Div 641, affd 168 NY 597; A/S Apothekernes Laboratorium v I.M.C. Chem. Group, 873 F2d 155, 158.) Notably, the tenant has not responded to the landlord's factual assertions in this regard. Inasmuch as the landlord was faced with exposure to East End's entire claim of $1,314,492.43 plus interest, the tenant's approval to any settlement could not unreasonably be withheld. Since the tenant had allegedly asserted a veto power over any settlement negotiations except on its terms, namely, a $72,000 cap on its allocable share of any settlement, a question of fact is presented as to whether the tenant acted in bad faith, thereby breaching the contract and waiving its right to require the landlord to seek the tenant's consent. (See, Marquette Co. v Norcem, Inc., 114 AD2d 738, 739.)

Since there are unresolved issues of fact, the motion for

summary judgment should have been denied. Concur—Sullivan, J. P., Wallach, Ross and Asch, JJ.