■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. LACY BAKER, Appellant, v EUGENE LEFEVRE, as Superintendent of Franklin Correctional Facility, et al., Respondents. [627 NYS2d 585] —Appeal from a judgment of the Supreme Court (Plumadore, J.), entered August 29, 1994 in Franklin County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner, a prison inmate, challenges his removal from a temporary release program after an unauthorized absence. He claims that his removal from the program without a prior Superintendent's disciplinary hearing violated his right to procedural due process. We find petitioner's argument unpersuasive. The temporary release hearing provided to petitioner afforded him due process (see, Matter of Nieves v Recore, 206 AD2d 778). We have considered petitioner's remaining contentions and find them to be without merit.

Cardona, P. J., Mercure, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.

■ JAMES GARDNER, Appellant, v ANOTHER PHYLLIS'S, INC., Respondent, et al., Defendant. [627 NYS2d 582] —Appeal from an order of the Supreme Court (Keniry, J.), entered May 23, 1994 in Saratoga County, which granted a motion by defendant Another Phyllis's, Inc. to vacate a default judgment entered against it.

In this personal injury action, plaintiff served process upon defendant Another Phyllis's, Inc. (hereinafter defendant) via the Secretary of State. Defendant subsequently moved to vacate the default judgment obtained by plaintiff on the basis that it did not receive actual notice of the pending action. Plaintiff now contends that the default judgment should not have been vacated because defendant failed to show a reasonable excuse for its default. However, insofar as Supreme Court considered defendant's motion under CPLR 317, which does not require a reasonable excuse, we find this argument to be without merit (see, Executive Motor Car v Allen, 211 AD2d 871). We further find that defendant adequately demonstrated a meritorious defense to the action. Accordingly, we see no reason to disturb Supreme Court's exercise of its discretion to vacate the default.

Mikoll, J. P., Crew III, White, Yesawich Jr. and Peters, JJ., concur.