◼ Lisa Brightly, Respondent, v Florida North, Inc., Appellant. [863 NYS2d 842]—

Rose, J. Appeal from an order of the Supreme Court (Donohue, J.), entered July 27, 2007 in Columbia County, which denied defendant's motion to vacate a default judgment entered against it.

In May 2003, plaintiff contracted with defendant to install an in-ground pool. Claiming that defendant never finished the installation despite her payment in full, plaintiff commenced this action for breach of contract. Delivery of the summons and complaint on defendant was completed by service on the Secretary of State on December 16, 2005 pursuant to Business Corporation Law § 306. Plaintiff's attorney also mailed a copy of the summons and complaint to defendant at "125 Charlesten Industrial Park Lane, Esperance, NY" on December 23, 2005, the same address on file with the Secretary of State. This was defendant's current address. When defendant failed to appear in the action, plaintiff moved for a default judgment, which motion was granted on March 7, 2006. The default judgment was entered June 27, 2006. About nine months later defendant moved, pursuant to CPLR 317, to vacate said judgment claim-

ing that it never received a copy of the summons and complaint and that it had a meritorious defense to said action. Supreme Court denied the motion and defendant now appeals.

To vacate a default judgment under CPLR 317, it is not necessary for the defendant to demonstrate a reasonable excuse for the default (*see Gardner v Another Phyllis's*, 216 AD2d 620, 620 [1995]; *Winters v Albany Executive House Apts.*, 102 AD2d 985, 985 [1984]). Rather, "the defendant need only show that [it] did not personally receive notice of the pending lawsuit in time to defend and that [it] has a meritorious defense" (*Winters v Albany Executive House Apts.*, 102 AD2d at 985; *accord Bank Leumi Trust Co. of N.Y. v John Malasky, Inc.*, 108 AD2d 1089, 1090 [1985]). A defendant's uncorroborated denial of timely receipt of such notice by mail, however, is insufficient to rebut the presumption that a properly mailed letter was received by the addressee (*see Trini Realty Corp. v Fulton Ctr. LLC*, 53 AD3d 479, 480 [2008]; *Facey v Heyward*, 244 AD2d 452, 452 [1997]).

While delivery to the Secretary of State is not considered personal delivery (*see Pabone v Jon-Bar Enters. Corp.*, 140 AD2d 872, 873 [1988]), and both defendant's office manager and president averred that they never received the subject summons and complaint in the mail, defendant was clearly in possession of same as of June 5, 2006, as was ultimately acknowledged by defendant's president and its attorney, and said receipt came "via mail." No further explanation was offered as to how defendant came into said possession at that point and not before, although the burden was on it to do so (*see Metropolitan Steel Indus. v Rosenshein Hub Dev. Corp.*, 257 AD2d 422 [1999]). In view of the conflicting statements made by defendant's president, we cannot say that Supreme Court abused it discretion by finding that defendant failed to meet its burden of establishing lack of timely notice (*see Anchor Sav. Bank v Alpha Developers*, 143 AD2d 711, 713 [1988], *lv dismissed* 73 NY2d 907 [1989]). Accordingly, Supreme Court properly denied defendant's motion. Given this result, it is not necessary to determine whether defendant had a meritorious defense to the action.

Peters, J.P., Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.