Bank of N.Y. Mellon v Steinwurzel (2020 NY Slip Op 08029)





Bank of N.Y. Mellon v Steinwurzel


2020 NY Slip Op 08029


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-06842
2018-06843
2018-06844
 (Index No. 14228/12)

[*1]Bank of New York Mellon, etc., appellant,
v
Rivke Steinwurzel, respondent, et al., defendants.


Frenkel Lambert Weiss Weisman & Gordon, LLP, Bay Shore, NY (Keith L. Abramson of counsel), for appellant.
The Mortner Law Office, PC, New York, NY (Moshe Mortner of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated June 22, 2015, (2) an order of the same court dated March 29, 2017, and (3) an order of the same court dated August 2, 2017. The order dated June 22, 2015, insofar as appealed from, denied the plaintiff's motion, in effect, for leave to enter a default judgment and for an order of reference. The order dated March 29, 2017, denied the plaintiff's motion for leave to renew and reargue its prior motion, in effect, for leave to enter a default judgment and for an order of reference. The order dated August 2, 2017, insofar as appealed from, upon granting the plaintiff's second motion for leave to renew and reargue its prior motion, in effect, for leave to enter a default judgment and for an order of reference, adhered to so much of the determination in the order dated June 22, 2015, as denied the plaintiff's prior motion, in effect, for leave to enter a default judgment and for an order of reference, and granted the prior cross motion of the defendant Rivke Steinwurzel to dismiss the complaint insofar as asserted against her, which had been denied, as academic, in the order dated June 22, 2015.
ORDERED that the appeal from the order dated June 22, 2015, is dismissed, as the portion of that order appealed from was superseded by the order dated August 2, 2017, made upon renewal and reargument; and it is further,
ORDERED that the appeal from the order dated March 29, 2017, is dismissed as abandoned; and it is further,
ORDERED that the order dated August 2, 2017, is reversed insofar as appealed from, on the law, the order dated June 22, 2015, is vacated and, thereupon, the plaintiff's prior motion, in effect, for leave to enter a default judgment and for an order of reference is granted and the prior cross motion of the defendant Rivke Steinwurzel to dismiss the complaint insofar as asserted against her is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In July 2012, the plaintiff commenced this action against, among others, the defendant Rivke Steinwurzel (hereinafter the defendant) to foreclose a mortgage on certain real property in Brooklyn. More than eight months after service of the summons and complaint, the defendant served a pro se answer to the complaint. Three days later, upon receipt of the defendant's answer, counsel for the plaintiff sent the defendant a letter expressly rejecting the answer as untimely. Thereafter, the plaintiff moved, in effect, for leave to enter a default judgment and for an order of reference (hereinafter the default judgment motion). In opposition, the defendant cross-moved to dismiss the complaint insofar as asserted against her, contending, inter alia, that she was not in default and that the plaintiff had failed to comply with the requirements of RPAPL 1304. In an order dated June 22, 2015, the Supreme Court denied the plaintiff's default judgment motion and denied the defendant's cross motion as "moot." The plaintiff then moved for leave to renew and reargue the default judgment motion. In an order dated March 29, 2017, the court denied the motion for leave to renew and reargue on the ground that the plaintiff failed to appear on the return date of the motion.
Thereafter, the plaintiff filed another motion for leave to renew and reargue the default judgment motion. In an order dated August 2, 2017, the Supreme Court granted the plaintiff leave to renew and reargue, and upon renewal and reargument, adhered to so much of the original determination in the order dated June 22, 2015, as denied the plaintiff's default judgment motion, and granted the defendant's prior cross motion to dismiss the complaint insofar as asserted against her. The plaintiff appeals.
Upon the plaintiff's second motion for leave to renew and reargue, the Supreme Court should have granted the plaintiff's default judgment motion and denied the defendant's prior cross motion to dismiss the complaint insofar as asserted against her (see generally Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d 898, 899; Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830).
In seeking a default judgment against a defendant, the movant must submit proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of the defaulting defendant's failure to answer or appear (see CPLR 3215[f]; Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d at 899; HSBC Bank USA, N.A. v Clayton, 146 AD3d 942, 944). Here, the plaintiff satisfied these requirements (see HSBC Bank USA, N.A. v Clayton, 146 AD3d at 944; see also Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d at 899).
In opposition, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense to the action (see Matter of Haberman v Zoning Bd. of Appeals of the City of Long Beach, 152 AD3d 683, 684; HSBC Bank USA, N.A. v Clayton, 146 AD3d at 944). Here, the defendant served an untimely answer to the complaint, and after receipt of that untimely answer, the plaintiff sent the defendant a letter rejecting it as untimely. The defendant's failure to serve a timely answer constitutes a default (see Matter of Haberman v Zoning Bd. of Appeals of the City of Long Beach, 152 AD3d at 685; Katz v Perl, 22 AD3d 806, 807). As the defendant failed to demonstrate a reasonable excuse for her default, we need not reach the issue of whether she demonstrated the existence of a potentially meritorious defense (see Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d at 901; Haberman v Zoning Bd. of Appeals of City of Long Beach, 152 AD3d at 685).
Finally, since the defendant defaulted, the plaintiff's allegation in the complaint that it complied with the requirements of RPAPL 1304 was sufficient to obtain an order of reference (see Deutsche Bank Natl. Trust Co. v Silverman, 178 AD3d at 901; Flagstar Bank, FSB v Jambelli, 140 AD3d at 830).
Accordingly, upon renewal and reargument, the Supreme Court should have granted the plaintiff's motion, in effect, for leave to enter a default judgment and for an order of reference, and denied the defendant's prior cross motion to dismiss the complaint insofar as asserted against her.
CHAMBERS, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court