Majada Inc. v E&A RE Capital Corp. (2022 NY Slip Op 03476)





Majada Inc. v E&A RE Capital Corp.


2022 NY Slip Op 03476


Decided on May 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2022

Before: Webber, J.P., Kern, Oing, Scarpulla, Pitt, JJ. 


Index No. 29219/19E Appeal No. 16042 Case No. 2021-04640 

[*1]Majada Inc., Plaintiff-Appellant,
v
E&A RE Capital Corp., Defendant-Respondent, Giselle Gilman et al., Defendants.


Fadullon Dizon Krul, LLP, Jericho (Juan Paolo Dizon and Alexander Krul of counsel), for appellant.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens (Matthew J. Routh of counsel), for respondent.



Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered December 14, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for a default judgment against E&A RE Capital Corp., and granted E&A's cross motion to the extent of vacating its default in answering the complaint and deeming the answer timely served nunc pro tunc and dismissing the action if plaintiff failed to join Yuanqing Liu and NYC Happy Housing LLC as defendants within 90 days, unanimously reversed, on the law, without costs, the motion granted, and the cross motion denied. The Clerk is directed to enter judgment accordingly.
Supreme Court should have denied E&A's cross motion insofar as it sought to compel plaintiff to accept its untimely answer, as E&A failed to show a reasonable excuse for its default in serving the answer (CPLR 3012[d]; see Nouveau El. Indus., Inc. v Tracey Towers Hous. Co., 95 AD3d 616, 618 [1st Dept 2012]). E&A asserted that it did not receive the summons and complaint, which had been served on the Secretary of State, because it had failed to keep its address updated. However, where a defendant does not receive service of process because it failed to keep a current address on file with the Secretary of State, courts will not find a reasonable excuse for a default (see NYCTL 1999-1 Trust v 114 Tenth Ave. Assoc., Inc., 44 AD3d 576, 577 [1st Dept 2007], appeal dismissed 10 NY3d 757 [2008], cert denied 555 US 970 [2008]; Associated Imports v Amiel Publ., 168 AD2d 354, 354[1st Dept 1990], lv dismissed 77 NY2d 873 [1991]). Similarly, the court should have granted plaintiff's motion for a default judgment against E&A, since E&A defaulted and plaintiff satisfied the requirements of CPLR 3215 (see Bank of N.Y. Mellon v Steinwurzel, 189 AD3d 1527, 1528-1529 [2d Dept 2020]; HSBC Bank USA, N.A. v Simms, 163 AD3d 930, 933 [2d Dept 2018]).
Furthermore, Supreme Court should have denied E&A's cross motion insofar as it sought to join as defendants Yuanqing Liu (who purchased the property from E&A) and NYC Happy Housing LLC (which purchased the property from Liu), as Liu and NYC Happy Housing are not necessary parties. On the contrary, Liu and NYC Happy Housing need not be joined to accord complete relief or to avoid an inequitable effect (CPLR 1001[a]); rather, they are "bound by all proceedings taken in the action . . . to the same
extent as a party" because their conveyances were recorded after the filing of the notice of pendency (CPLR 6501; see JP Morgan Chase Bank, N.A. v White, 182 AD3d 469, 470 [1st Dept 2020]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 31, 2022