HSBC Bank USA, N.A. v Rothbeind (2023 NY Slip Op 00014)

HSBC Bank USA, N.A. v Rothbeind

2023 NY Slip Op 00014

Decided on January 5, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 5, 2023

534282
[*1]HSBC Bank USA, National Association, as Trustee, Respondent,
v
Samuel Rothbeind et al., Defendants, and Prince Home LLC, Appellant.

Calendar Date:November 15, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Zimmerman Law, PC, Huntington Station (Michael Zimmerman of counsel), for appellant.
Hinshaw & Culbertson LLP, New York City (Brent M. Reitter of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeals (1) from an order of the Supreme Court (Julian D. Schreibman, J.), entered June 23, 2021 in Ulster County, which, among other things, granted plaintiff's motion for a default judgment, and (2) from the judgment entered thereon.
In 1998, defendant Samuel Rothbeind, as attorney-in-fact for his mother, executed a note and mortgage with M & T Mortgage Corporation securing property located in the Village of New Paltz, Ulster County. In 2005, he transferred this property to himself and his mother as joint tenants with the right of survivorship. In 2009, a foreclosure action was commenced against, among others, Rothbeind and his mother for failure to make the requisite payments due under the note and mortgage. The note and mortgage were subsequently assigned to plaintiff. In 2012, plaintiff commenced a second foreclosure action against, among others, Rothbeind and his mother. During the pendency of the second action, the first action was voluntarily discontinued. In 2014, Rothbeind, individually and as attorney-in-fact for his mother, transferred the property to defendant Prince Home LLC, subject to the mortgage.[FN1] Rothbeind's mother subsequently passed away and, in 2015, the second foreclosure action was dismissed pursuant to CPLR 3215 (c) for plaintiff's failure to take a default judgment within a year of the default. In 2015, a third foreclosure action was commenced against Rothbeind and others, resulting in a default judgment against Rothbeind. Rothbeind appealed and this Court dismissed the third foreclosure action for failure to take a default judgment within one year (HSBC Bank USA N.A. v Rothbeind, 179 AD3d 1323 [3d Dept 2020]).
Plaintiff then commenced this fourth foreclosure action pursuant to the six-month grace period provided by CPLR 205 (a) and the tolling of the statute due to the COVID-19 pandemic. In August 2020, plaintiff served Prince Home through the Secretary of State and Rothbeind by personal service. Neither of those defendants appeared in the action or served an answer. On December 16, 2020, plaintiff moved for an order of reference and default judgment against them.[FN2] Prince Home then cross-moved to, among other things, extend its time to answer pursuant to CPLR 317, 3012 (d) and 2004. Supreme Court granted plaintiff's motion and denied Prince Home's cross motion, finding that as Prince Home willfully avoided service by failing to correct its address on file with the Secretary of State for five years — after being advised that the address was undeliverable - CPLR 317 did not apply. Additionally, the court found that CPLR 3012 (d) and 2004 were inapplicable as Prince Home could not provide a reasonable excuse for its delay or default based on the same reasoning. Prince Home appeals from the order and the default judgment issued thereon.
CPLR 317 allows a defendant an opportunity to be heard, despite its default in appearance, if the entity was not personally served and moves within the specified time frames (see Qiang Tu [*2]v Li Shen, 190 AD3d 1125, 1127 [3d Dept 2021]). Service upon the Secretary of State is not considered personal service (see Leader v Steinway, Inc., 186 AD3d 1209, 1210-1211 [2d Dept 2020]; Brightly v Florida N., Inc., 54 AD3d 1127, 1128 [3d Dept 2008]). "Although that statute does not require establishing a reasonable excuse for the default, it does require a showing that the defendant did not personally receive notice of the summons in time to defend and has a meritorious defense" (McCord v Larsen, 132 AD3d 1115, 1116 [3d Dept 2015] [internal quotation marks and citations omitted]). In contrast, CPLR 3012 (d) and 2004 permit a court to extend the time for a defendant to appear or plead, or permit late service of an answer "upon a showing of a reasonable excuse for the delay and a meritorious defense to the complaint" (Anthony DeMarco & Sons Nursery, LLC v Maxim Constr. Serv. Corp., 126 AD3d 1105, 1105 [3d Dept 2015] [internal quotation marks and citation omitted]; see Walker v GlaxoSmithKline, LLC, 201 AD3d 1272, 1273 [3d Dept 2022]). Supreme Court has discretion to allow service of a late answer and/or to extend the time to answer the complaint (see Kegelman v Town of Otsego, 203 AD3d 82, 85 [3d Dept 2021], lv dismissed 38 NY3d 1124 [2022]; Scott v County of Albany, 170 AD3d 1475, 1476 [3d Dept 2019], lv denied 34 NY3d 904 [2019]).
Prince Home contends that Supreme Court erred in denying its motion pursuant to CPLR 317 because it did not deliberately avoid service of process. We disagree. Although this Court has held that a failure to maintain a correct address with the Secretary of State will not preclude relief pursuant to CPLR 317 (see Pabone v Jon-Bar Enters. Corp., 140 AD2d 872, 873 [3d Dept 1988]; Marquette Co. v Norcem, Inc., 114 AD2d 738, 739 [3d Dept 1985]), that relief is not automatic and may be denied "where, for example, a defendant's failure to personally receive notice of the summons was a result of a deliberate attempt to avoid such notice" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 143 [1986]; accord Stevens v Stepanski, 164 AD3d 935, 937 [2d Dept 2018], lv dismissed 33 NY3d 1014 [2019]). Here, Prince Home was on notice that its service address listed with the Secretary of State was undeliverable. Notwithstanding this notice, Prince Home failed to notify the Secretary of State of its purported change of address for a period of five years (cf. Epstein v Abalene Pest Control Serv., 98 AD2d 832, 832 [3d Dept 1983]). "Under these circumstances, it can be inferred that the defendant's failure to personally receive notice of the summons was a result of a deliberate attempt to avoid such notice" (Paul Conte Cadillac v C.A.R.S. Purch. Serv., 126 AD2d 621, 622 [2d Dept 1987]; see Bookman v 816 Belmont Realty, LLC, 180 AD3d 986, 987 [2d Dept 2020]; Santiago v Sansue Realty Corp., 243 AD2d 622, 623 [2d Dept 1997]). Prince Home failed to rebut this inference. The conclusory and unsubtantiated employee affidavits proffered [*3]by Prince Home as to how it learned of the foreclosure action, and that it "inadvertently" failed to notify the Secretary of State, do not contitute a detailed and credible explanation for its five-year failure to correct its address (see Trokaik Realty, Inc. v HP Yuco, HDFC, Inc., 188 AD3d 1281, 1282 [2d Dept 2020]; Stevens v Stepanski, 164 AD3d at 937). Additionally, Prince Home's contention that plaintiff's attorneys knew Prince Home's attorney's address and could have served process in a different manner is belied by the record.
In contrast to a motion under CPLR 317, a motion pursuant to CPLR 3012 (d) and 2004 requires the movant to establish a reasonable excuse. "[T]here is no per se rule that a corporation served through the Secretary of State, and which failed to update its address on file there, cannot demonstrate an 'excusable default.' Rather, a court should consider, among other factors, the length of time for which the address had not been kept current" (Eugene Di Lorenzo, Inc. v A.C. Dutton Libr. Co., 67 NY2d at 143). Where, as here, Prince Home was put on notice that its address was incorrect and failed to provide a correct address for five years, it has not provided a reasonable excuse (see Majada Inc. v E & A RE Capital Corp., 205 AD3d 648, 649 [1st Dept 2022]; Boss v Avoxe Corp., 97 AD2d 601, 601 [3d Dept 1983]. Accordingly, we need not determine whether Prince Home demonstrated the existence of a meritorious defense under either CPLR 317, 3012 (d) or 2004 (see Qiang Tu v Li Shen, 190 AD3d at 1128; Stevens v Stepanski, 164 AD3d at 938). We discern no abuse of discretion in Supreme Court's determinations in granting plaintiff's motion and in denying Prince Home's cross motion (see Carrington Mtge. Servs., LLC v Fiore, 206 AD3d 1306, 1307 [3d Dept 2022]; Scott v County of Albany, 170 AD3d at 1476). To the extent not specifically addressed, Prince Home's remaining arguments have been reviewed and found to be without merit.
Aarons, J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the order and the judgment are affirmed, with costs.

Footnotes

Footnote 1: The deed was not recorded in the Ulster County Clerk's Office until May 2017.

Footnote 2: Prince Home filed an answer on December 29, 2020; however, plaintiff rejected it as untimely.