Shabtai v HFZ Capital Group, LLC (2023 NY Slip Op 05109)

Shabtai v HFZ Capital Group, LLC

2023 NY Slip Op 05109

Decided on October 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 10, 2023

Before: Manzanet-Daniels, J.P., Gesmer, González, Kennedy, O'Neill Levy, JJ. 

Index No. 653453/21 Appeal No. 735-735A Case No. 2022-03558 

[*1]Benjamin Shabtai, Plaintiff-Respondent,
v
HFZ Capital Group, LLC, et al., Defendants, HFZ Shore Club LLC et al., Defendants-Appellants.

Milbank LLP, New York (Daniel M. Perry of counsel), for appellants.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Ethan A. Kobre of counsel), for respondent.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered August 1, 2022, in favor of plaintiff Shabtai and against defendants, the Shore Club Entities, for the total sum of $5,054,291.10, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered July 26, 2022, which granted Shabtai's motion for a default judgment, directed entry of judgment in favor of Shabtai, ordered that a constructive trust be placed upon all of the Shore Club Entities' assets, and ordered the Shore Club Entities to provide an accounting to Shabtai, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
To vacate a default judgment, a movant must establish both a reasonable excuse for its default and a meritorious defense to the plaintiff's claims (Xiaoyong Zhang v Jong, 195 AD3d 435, 435 [1st Dept 2021]). The failure to maintain a current mailing address for service of process is not a reasonable excuse for defaulting (see Majada Inc. v E&A RE Capital Corp., 205 AD3d 648, 649 [1st Dept 2022]; State Farm Mut. Auto. Ins. Co. v Dr. Ibrahim Fatiha Chiropractic, P.C., 147 AD3d 696, 697 [1st Dept 2017]). According to the affidavit submitted by the Shore Club Entities, the dissolution of the Shore Club Entities and the failure to update their agent's address for service of process was not a "high priority." Under these circumstances, the motion for a default judgment was providently granted.
Since the Shore Club Entities have no reasonable excuse for defaulting, defendants' defenses need not be addressed (see Rudd Mech. Assoc., Inc. v ZDG, LLC, 192 AD3d 440, 441 [1st Dept 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 10, 2023